VAN AVERY v. SEITER.

Opinion of the Court.

1. Release—Avoidance—Mutual Mistake.

A release will be avoided as a defense to a negligence action where the releasor's proof persuasively shows a fair and mutual want of knowledge of a hidden injury which eventually comes to light as distinguished from a then want of knowledge of unexpected adverse consequences of a known yet apparently negligible injury.

2. Same—Avoidance—Mutual Mistake—Other Factors.

Mutual mistake as to the existence of an injury is not the only factor to be considered in avoidance of a release; also to be considered are whether negotiations were conducted in haste, whether the payment made was nominal, and whether liability of defendant was clear in the minds of the parties at the time of the execution of the release.

3. Same—Avoidance.

Release will not be avoided in case where, although there was a mutual mistake as to the head injury of plaintiff, the liability of defendant was not clear, the plaintiff was not hurried in settlement of the matter, and payment which was not nominal was known by plaintiff to cover anything that might happen in the future that might be related to the original accident.

Dissenting Opinion.

R. B. Burns, J.

4. Release—Avoidance—Grounds.

*Nominal payment, the absence of question as to defendant's liability, or presence of pressure applied in procuring a release are all factors which may provide reasons for avoiding a re-*

---

References for Points in Headnotes

[1-5] 45 Am Jur, Release §§ 19, 20.

*lease of an action for personal injuries, but they are not restrictions or limitations on the general rule that a release may be avoided where releasor's proof shows a fair and mutual want of knowledge of a hidden injury.*

5. SAME—AVOIDANCE.

*Release by plaintiff should be set aside as defense to action on hidden injury because of mutual mistake as to presence of hidden injury regardless of whether pressure was applied, whether there was a question as to defendant's liability, or whether or not payment was nominal.*

Appeal from Isabella, Campbell (Robert H.), J. Submitted Division 3 April 4, 1968, at Grand Rapids. (Docket No. 3,911.) Decided August 28, 1968. Leave to appeal granted by Supreme Court December 12, 1968. 381 Mich 793.

Action by Ernest William Van Avery against David Seiter and others, and Auto-Owners Insurance Company, a Michigan corporation, to enjoin assertion of a release as a defense to negligence action. Complaint dismissed. Plaintiff appeals. Affirmed.

*Gray & Thompson,* for plaintiff.

*Cotter, Janes & O'Connell,* for defendants.

ZIEM, J. On January 20, 1961, plaintiff Van Avery, employee of a construction company, was operating an earth mover which was crossing a highway. A collision occurred with the defendant Seiter's truck which was being driven by the defendant McPhall. Plaintiff claims that a flagman employed by the construction company had a stop sign on the highway directing traffic to stop so that the earth mover could proceed across the highway. The defendant driver denied that the flagman

had indicated for him to stop. As a result there was a collision and plaintiff was injured. Plaintiff suffered known injuries to his elbows. On March 9, 1961, one day after plaintiff was informed by his physician that he could return to his employment, a settlement was reached between plaintiff and the defendant Auto-Owners Insurance Company on behalf of their insureds for the sum of $1,050, which covered medical expenses, actual lost wages, and $300 for pain and suffering.

Plaintiff returned to work until the latter part of 1961, when severe headaches caused him to be unable to continue his job. He has not worked since that time.

The plaintiff filed a negligence action against the Seiter brothers and their driver. The executed release and settlement of the claim was raised as a defense. Plaintiff then filed this action in equity, joining Auto-Owners Insurance Company as a defendant, seeking to enjoin the assertion of the release as a defense because a mutual mistake of a material fact existed at the time of the release. The trial court refused to set aside the release and dismissed the complaint.

The trial court made several findings in his opinion as follows:

"Now so as to make it clear, there is no question in the court's mind that at the time that this settlement was made by plaintiff and his wife and the defendant insurance company, there was no knowledge on the part of either party nor the plaintiff's doctor that there was any head injury to plaintiff. There is nothing on the record to indicate that this was talked about nor even thought about by any of the parties  *  *  * . The court notes in reading the *Hall* v. *Strom Construction Company* case, 368 Mich 253, 260, 261, Justice Black is very much concerned with haste and nominal payment, and also at the

bottom of p 261 mentions that in that case, the liability of defendant Strom appears to be clear. Such is not so in the case at bar.

"In the case at bar there is no indication by the plaintiff that he was hurried or 'hounded' by the defendant insurance company adjuster to settle this matter and in the court's opinion the sum of $1,050 is not a nominal sum under the circumstances. The court also wishes to point out in plaintiff's deposition from p 54 through p 63 which concerns the matter of the settlement and release itself, that it appears the negotiations were above board and that the plaintiff was entirely satisfied with the settlement. And it further appears in these same pages of plaintiff's deposition that he knew that the release covered anything that might happen to him in the future that might be related to this accident. The court feels that even though none of the parties knew or had reason to know of the injury about which plaintiff now complains, that there was no haste or pressure put on the plaintiff by defendant insurance company adjuster and that looking at the facts that were known at the time that the release was signed, that the consideration paid was adequate under the circumstances and was not such that would shock the conscience of the court. Plaintiff's complaint will be dismissed."

The plaintiff appeals and asserts that the law on the issue of mutual mistake in releases was well settled in *Hall* v. *Strom Construction Company* (1962), 368 Mich 253, and *Ryan* v. *Alexy* (1964), 373 Mich 50, and that the facts in the present case as determined by the trial court are clearly within the scope of this doctrine. Plaintiff asserts that the conclusion of the trial court in its application of law to the facts was in error.

Each side relies on the same cases and treatises, to wit: *Denton* v. *Utley* (1957), 350 Mich 332; *Hall* v. *Strom Construction Company, supra; Ryan* v.

*Alexy, supra;* 71 ALR2d 87; and Williston on Contracts, § 1551. This case presents facts upon which reasonable minds could well differ as to the proper application of the rules set forth in the foregoing authorities as they concern this factual situation.

There are many statements in the cited authorities which, standing by themselves, tend to support the plaintiff's position. For example, Justice TALBOT SMITH in *Denton, supra,* (pp 343, 344) said:

"The cases put it very simply, and without dependence or reliance upon the language employed in the release form thereof: A releasor who believes he is without personal injuries, or that he has certain minor injuries only, and who, secure in his belief, executes a general release, will not be bound by it if other and more serious injuries are discovered later."

This principle standing alone would dictate reversal of this case as would the following in *Hall, supra,* where Justice BLACK said (p 258):

"To make the rule pinpoint plain, we construe it as applicable where the releasor's proof persuasively shows a fair and mutual want of knowledge of a hidden injury which eventually comes to consequential light, distinguished from a then want of knowledge of unexpected adverse consequences of a known yet apparently negligible injury. Here, by all fair intendment, Mr. Hall and the adjuster knew that Mr. Hall had been struck injuriously on the head and back. They did not know of the simultaneous internal injury, that is the brain injury which upon present assumption was serious enough to cause the epileptic seizures Mr. Hall experienced later. The rule therefore applies."

However, as is true in the study of all cases, but even more so in the cases here cited as authority, these cases must be read in their entirety to get

the full import of their meaning. For example in *Denton* (pp 332, 333) Justice TALBOT SMITH wrote:

"This case must be read with great care. We are upsetting the particular release here involved. *We are not saying that all releases are vulnerable.* What we are saying is that releases have no particular immunity of their own to attack on the grounds of mistake or fraud. There is no form of words, there is no formula, no instrument, no transaction that rises above the chancellor's scrutiny or resists his intervention." (Emphasis added.)

At p 342 he wrote:

"To put it affirmatively, any release, to be sustained must be 'fairly and knowingly' made."

And in *Hall* (p 254), Justice BLACK indicated that what was being written must be limited to the "precisionally assembled facts." Further (p 258), he stated:

"The essence of such authorities is that relief is available to the releasor when he is able to plead and prove that the injury—to which the symptoms of delayed disease or disability is provably attributable—was mutually unknown when the release he would avoid was signed in return for a *nominal consideration.*" (Emphasis added.)

In addition, in *Hall,* Justice BLACK, in commenting on the case wrote (p 261):

"* * * Hasty appraisal and hurried negotiations seem to have been in order. *And the very fact of 'haste,' when coupled with nominal payment, is a potent factor courts take into account* when cases like this arrive before them." (Emphasis added.)

And (p 261) Justice BLACK summarized the *Hall* case as follows:

"To recapitulate: This release was obtained for
the *nominal sum* of $425. Of the amount paid $175
was represented by accrued hospital, medical, and
ambulance expenses. Mr. Hall's injuries were sus-
tained December 13, 1956. The settlement was ne-
gotiated and concluded at Plaintiff's home *27 days
later*. *Liability* of Defendant Strom for the results
of whatever injuries Mr. Hall actually suffered *was
clear* so far as the record discloses. Plaintiffs, the
negotiating adjuster as well, looked upon the blow
to the head as of little or no consequence. All were
particularly concerned with the blow to Mr. Hall's
back. The blow to the head was apparently severe
enough to injure the brain and ultimately cause
epilepsy, yet neither party was cognizant of the
fact of such internal injury. The mistake was mu-
tual within the stated rule; hence, plaintiffs are
entitled to the relief granted below." Emphasis
added.)

Subsequently, in *Ryan, supra* (p 57), Justice
Black asserted that doubtful or nonexistent liabil-
ity would be an element that the chancellor should
take into "decisional consideration." Justice T. M.
Kavanagh concurred. In that same case Justice
O'Hara with Justice Dethmers and Justice Kelly
concurring, stated in his opinion (p 55):

"Nonetheless a finding of mutual mistake as to
the releasor and releasee and a finding of the ab-
sence of fraud as to the releasee *do not alone answer
the* earlier *question* mentioned in *Denton,* and which
to use requires answer here." (Emphasis added.)

In the same case (p 56), Justice O'Hara continued:

"We cannot, nor do we believe, could the able
chancellor determine this essential question of fact
unless and until the degree to which the question of
the extent of the legal *liability* of the party paying
was in the minds of both parties at the time of the
execution of the release." (Emphasis added.)

A reading of the cases and authorities thus reveals that in addition to the question of whether there was a mutual mistake as to existence of the injury, there are other factors to be considered such as whether the negotiations were conducted in haste, whether the payment made was nominal, and whether the liability of the defendant was clear in the minds of the parties at the time of the execution of the release.

The trial judge here found that there was a mutual mistake as to the head injury to the plaintiff. But he also found that there was no haste or nominal payment involved. He found that liability of the defendant was not clear. He found that there was no indication that plaintiff was hurried or hounded to settle the matter. He found that the plaintiff was entirely satisfied with the settlement and that the plaintiff knew that the release covered anything that might happen in the future that might be related to this accident. He found that there was no haste or pressure put on the plaintiff and that the consideration paid was adequate under the circumstances. All of the findings of the trial court are supported by the depositions and evidence submitted to the court.

The cases of *Hall, supra,* and *Ryan, supra,* support defendants' position that there are other factors for the chancellor to take into consideration over and above mutual mistake as to the injuries. The case at bar is distinguishable from *Hall* in that the trial court here found that there was no haste in negotiating this release, the payment made was not a nominal sum, and the liability of the defendants is not clear. In *Hall* there was haste, (27 days from injury to settlement); liability was clear; and the payment was nominal. The trial judge here properly considered all the factors involved and properly applied the law to the facts.

For the foregoing reasons the trial court's decision is affirmed. Costs to appellee.

QUINN, J., concurred with ZIEM, J.

R. B. BURNS, J. (*dissenting*). I cannot agree with the majority decision in this case.

The majority opinion quotes Justice BLACK from *Hall* v. *Strom Construction Company* (1962), 368 Mich 253, 258:

"To make the rule *pinpoint plain,* we construe it as applicable where the releasor's proof persuasively shows a fair and mutual want of knowledge of a hidden injury which eventually comes to consequential light, distinguished from a then want of knowledge of unexpected adverse consequences of a known yet apparently negligible injury. * * * The rule * * * applies." (Emphasis supplied.)

In the present case it is undisputed that there was a mutual mistake. The release was signed in the adjuster's automobile in a hospital parking lot (plaintiff's wife being in a hospital recovering from an operation) during the adjuster's second discussion with the plaintiff. The plaintiff had been authorized by his physician to return to work because he had recovered from the injuries to his elbows. Plaintiff stated in his deposition:

"I would say that I knew that when I signed that release, I would say because I didn't anticipate no other injuries, I mean, if I would have known I would have never signed it."

The adjuster stated in his deposition:

"*A.* As far as I recall he indicated his injuries were confined to what we already knew, which was injuries to both elbows. * * *

"*Q*. So your settlement in this case was based on injury to his elbows?

"*A*. That is correct."

Neither party knew of the head injuries involved in the present case.

It is my understanding that Michigan has adopted the general rule that a release will be set aside on the ground of mutual mistake. In the *Hall Case, supra,* the Court did discuss several reasons for its ruling, but the Court did not say that these reasons were restrictions or limitations on the general rule.

It would be possible to make several similar comparisons between the *Hall Case* and the present case. However, in my opinion the Supreme Court meant exactly what it said in the *Hall Case,* and in the present case it is "pinpoint clear" that when the plaintiff signed the release there was a fair and mutual want of knowledge of the head injuries which eventually came to light, as distinguished from a want of knowledge of an unexpected adverse consequence of a known yet apparently negligible injury.

I would **reverse.**