VAN AVERY v. SEITER.

1. EQUITY—ACTION—DECISION.
     A general rule of equity is that each action should come to consideration and decision upon its own distinctive facts.

2. TORTS — RELEASE — AFFIRMATIVE DEFENSE — STIPULATION — LIABILITY — BURDEN OF PROOF — EQUITY — APPEAL AND ERROR.
     The burden of proving by a preponderance of the evidence that a release of tort liability executed for consideration should be enjoined as a defense to plaintiff's subsequent action based upon the same tortious act rests upon plaintiff where the parties have stipulated that the cause should be presented to the court upon the pleadings, briefs, and designated pretrial depositions for a decision.

3. RELEASE—AVOIDANCE—MUTUAL MISTAKES—OTHER FACTORS.
     Mutual mistake as to the existence of an injury is not the only factor to be considered in avoidance of a release; also to be considered are whether negotiations were conducted in haste, whether the payment made was nominal, and whether liability of defendant was clear in the minds of the parties at the time of the execution of the release.

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur 2d, Equity §§ 235, 236, 238, 248.
[2-4] 45 Am Jur, Release § 52.

4. TORTS — LIABILITY — RELEASE — EQUITY — AFFIRMATIVE DE-
FENSE — BURDEN OF PERSUASION.

The actual presence of an issue of liability, while not necessarily
decisive, should be taken into consideration when the chancellor
undertakes to determine whether a plaintiff, appealing to
equity for elimination of release as a defense to his tort
action, has sustained his burden of persuasion.

Appeal from Court of Appeals, Division 3, R. B.
Burns, P. J., and Quinn and Ziem, JJ., affirming
Isabella, Robert H. Campbell, J. Submitted March
10, 1970. (Calendar No. 17, Docket No. 52,182.)
Decided April 13, 1970.

13 Mich App 88, affirmed.

Complaint by Ernest William Van Avery against
David Seiter and others, and Auto-Owners Insur-
ance Company, a Michigan corporation, to enjoin
assertion of a release as a defense to a negligence
action. Complaint dismissed. Plaintiff appealed
to Court of Appeals. Affirmed. Plaintiff appeals.
Affirmed.

*Gray & Thompson,* for plaintiff.

*Cotter, Janes & O'Connell,* for defendants.

BLACK, J. Plaintiff's complaint, filed in January
of 1964, was framed around *Hall* v. *Strom Construc-
tion Company* (1962), 368 Mich 253. It presents
the same question; whether a release of tort liability
executed in consideration of an agreed and paid
sum should be enjoined as a defense to an action
for damages, counting upon the same liability, which
the releasor has subsequently commenced. Too, as
in *Hall* v. *Strom,* it concentrates attention upon
equity's general rule that each like action should

come to consideration and decision upon its own distinctive facts.

The pleaded issues were not tried according to our repeated advices, extending as those advices have from *Culy* v. *Upham* (1903), 135 Mich 131, 135 through *R. R. Improvement Association* v. *Thomas* (1965), 374 Mich 175, 177, 178. They were instead presented upon a stipulation providing that the cause "shall be submitted to the court for a decision" upon the pleadings, briefs and designated pretrial depositions.

We observe that the plaintiff burden bearer, having so stipulated, was bound below and is bound here to make out a preponderant case for intervention of equity in bringing about the elimination, as a defense to his pending action for damages, of the release attacked by him. According to the trial judge, Division 3 likewise (*Van Avery* v. *Seiter,* 13 Mich App 88), he upon the whole record made out no such case. We agree. The specific reason is that in this case, unlike both *Hall* v. *Strom* and subsequent *Ryan* v. *Alexy* (1964), 373 Mich 50, the issue of defendants' liability to the plaintiff for negligence was sharply disputed as shown by the stipulated record, thus calling into play the additional factor of those cases where, *prima facie,* the defendant has bought and the plaintiff has sold "peace". For such cases see § 15, "Release as compromise; issue of liability.", appearing in the annotation headed "Avoidance of release of personal injury claims on ground of fraud or mistake as to the extent or nature of injuries," 71 ALR2d 82 (note commencing on page 167), and the complementing conclusions of Division 3. The latter we adopt as our own (13 Mich App at 95):

"A reading of the cases and authorities thus reveals that in addition to the question of whether

there was a mutual mistake as to existence of the injury, there are other factors to be considered such as whether the negotiations were conducted in haste, whether the payment made was nominal, and whether the liability of the defendant was clear in the minds of the parties at the time of the execution of the release.

"The trial judge here found that there was a mutual mistake as to the head injury to the plaintiff. But he also found that there was no haste or nominal payment involved. He found that liability of the defendant was not clear. He found that there was no indication that plaintiff was hurried or hounded to settle the matter. He found that the plaintiff was entirely satisfied with the settlement and that the plaintiff knew that the release covered anything that might happen in the future that might be related to this accident. He found that there was no haste or pressure put on the plaintiff and that the consideration paid was adequate under the circumstances. All of the findings of the trial court are supported by the depositions and evidence submitted to the court.

"The cases of *Hall, supra,* and *Ryan, supra,* support defendants' position that there are other factors for the chancellor to take into consideration over and above mutual mistake as to the injuries. The case at bar is distinguishable from *Hall* in that the trial court here found that there was no haste in negotiating this release, the payment made was not a nominal sum, and the liability of the defendants is not clear. In *Hall* there was haste (27 days from injury to settlement); liability was clear; and the payment was nominal. The trial judge here properly considered all the factors involved and properly applied the law to the facts."

We do not decide that the mere presence of a genuine issue of liability will validate a release executed in circumstances such as *Hall* v. *Strom* disclosed. We do say, with Division 3, that the

actual presence of such an issue[1] should be taken into consideration when the chancellor undertakes to determine whether the plaintiff, appealing as here to equity, has sustained his burden of persuasion that the release in question should be set aside.

On the whole record, no good reason for disagreement with the successive judgments below has been made to appear. Such judgments are therefore affirmed, with costs to defendants.[2]

T. E. Brennan, C. J., and Dethmers, Kelly, T. M. Kavanagh, Adams, and T. G. Kavanagh, JJ., concurred with Black, J.

---

[1] It is not suggested that the chancellor should decide the issue of liability in cases as at bar. That issue ordinarily is for decision in the pending law action. He should however ascertain whether liability of the defendant was clear or disputed; the better to determine that the parties did or did not negotiate on the basis of liability established, as in *Hall*, or liability in testimonial or deposed dispute, as here.

[2] In view of this disposition, plaintiff's motion to strike a portion of defendants' brief on appeal to this Court is denied as moot.