KOMRAUS PLUMBING & HEATING, INC.
*v.*
CADILLAC SANDS MOTEL, INC.

1. PLEADING—FRAUD—FORMAL DEFECTS.

   The affirmative defense of fraud must be set forth separately and labeled in the pleadings along with sufficient facts to apprise the adverse party of the nature of the defense; however, the pleader's failure to set forth the defense separately and to label it as such was not fatal where the pleadings sufficiently describe the alleged fraud in the disputed transaction (GCR 1963, 111.7).

2. PRINCIPAL AND AGENT—IMPLIED AGENCY.

   An agency relationship need not be express, but may be implied from the circumstances.

3. PRINCIPAL AND AGENT—IMPLIED AGENCY.

   Plaintiff's requesting the impleaded third-party defendant to procure the defendant's acceptance of an offer and the impleaded defendant's carrying out the assignment was sufficient to create an agency relationship.

4. CONTRACTS—EVIDENCE—FRAUD—PAROL EVIDENCE RULE.

   The parol evidence rule does not bar evidence of fraud, lack of acceptance, or any defense which, if proven, would vitiate

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 159.
[2, 3] 3 Am Jur 2d, Agency § 18.
[4] 30 Am Jur 2d, Evidence §§ 1033, 1034.
[5, 6] 17 Am Jur 2d, Contracts § 151.

the contract, because such evidence does not vary or contradict the written contract, but seeks to demonstrate that the writing never became a contract.

5. CONTRACTS—FRAUD—VOIDABLE CONTRACT.
   A voidable contract existed between a motel builder and a subcontractor where the contractor, acting as an agent for the subcontractor, submitted a contract offer for plumbing to the builder from the subcontractor, the contract offer had been signed by the contractor without the subcontractor's consent and the contractor told the builder that it had signed the offer only to secure a performance bond and that no contractual relations would exist between the builder and the subcontractor because a contract induced by fraud is voidable by the party defrauded.

6. CONTRACTS—FRAUD—EFFECT—VOIDABLE CONTRACT.
   A contract induced by fraud is voidable by the party defrauded even if the fraud succeeds because of a party's negligence.

Appeal from Wexford, William R. Peterson, J. Submitted Division 3 February 3, 1971, at Grand Rapids. (Docket No. 9297.) Decided March 25, 1971. Leave to appeal granted May 25, 1971, 384 Mich 843.

Complaint by Komraus Plumbing & Heating, Inc., against Cadillac Sands Motel, Inc., for damages for breach of contract. Third-party complaint by Cadillac Sands Motel against Ken-Bar Construction Co., Inc., for damages. Judgment for Komraus Plumbing & Heating, Inc., against Cadillac Sands Motel, Inc., and for Cadillac Sands Motel, Inc., against Ken-Bar Construction Co. Cadillac Sands Motel appeals the judgment rendered against it in favor of Komraus Plumbing & Heating, Inc. Reversed.

*Herrinton, Herrinton & Hughes,* for plaintiff.

*Butzel, Levin, Winston & Quint,* for defendant Cadillac Sands Motel, Inc.

Before: Fitzgerald, P. J., and V. J. Brennan and T. M. Burns, JJ.

V. J. Brennan, J. This appeal arises out of a suit to recover damages for breach of contract. From a judgment in favor of the plaintiff, Komraus Plumbing and Heating, Inc., defendant appeals.

In 1968, the defendant, Cadillac Sands Motel, Inc., decided to expand its facilities by constructing an addition to its motel. In furtherance of this resolve, the Sands engaged the third-party defendant, Ken-Bar Construction, to oversee the work. An employee of Ken-Bar, Howard Reynolds, suggested to plaintiff that his plumbing and heating company submit a bid on the plumbing work. Having been advised by its attorney to contract with the Sands directly rather than with Ken-Bar whose financial condition was questionable, plaintiff executed a written offer expressly directed to Vernon Vincent, the president of the Sands. Plaintiff gave this written offer to Ken-Bar and requested that it be presented to Mr. Vincent for his signature. For some unexplained reason, the president of Ken-Bar, Harold Brickner, signed the offer on behalf of his company in the space designated "accepted" before submitting it to Mr. Vincent.

At first Mr. Vincent refused to sign the contract, as he didn't want to enter into contractual relations with any of the subcontractors. Mr. Brickner then told Mr. Vincent that his signature was needed only so that defendant could obtain a performance bond and that it would not amount to a contract between the Sands and Komraus. Vincent then agreed to sign the offer, since the Small Business Administration loan, by which the addition to the motel was to be financed, was dependent upon all work being bonded. The trial court found as a fact that Brick-

ner made this false representation without plaintiff's knowledge or consent and that Vincent relied thereon in signing the offer. The document was then returned to Komraus with no mention of what had occurred.

Shortly thereafter a dispute arose concerning when the plaintiff was to begin work. Since it was felt that plaintiff had not commenced work on time, a different plumbing contractor was hired. Plaintiff then sued to recover lost profits of $10,000 on a theory of anticipatory repudiation. The defendant claimed that it was the plaintiff who committed the first breach, and that in any event, no contract existed due to the misrepresentation made to Mr. Vincent. Ken-Bar was impleaded as a third-party defendant.

The trial court rendered a judgment in favor of Komraus against the Sands and a judgment in favor of the Sands against the third-party defendant, Ken-Bar, both judgments being in the amount of $7,747.80. In a written opinion, the court found that the defendant, the Sands, never intended to be bound, its signature being induced by Ken-Bar's false representation, but that the parol evidence rule prohibited Vincent from denying that he intended to bind the Sands.

On appeal, defendant contends that the court erred in allowing recovery on the contract, since the contract was induced by fraud and, therefore, voidable. We agree.

Before discussing the issue of fraud, we must first dispose of plaintiff's arguments that the defendant is not entitled to raise this issue at the present time.

Preliminarily, plaintiff contends that fraud was never raised at the trial and may not now be raised for the first time. It is true that as an affirmative defense fraud must be set forth separately along

with sufficient facts to apprise the adverse party of the nature of the defense. GCR 1963, 111.7. Although the defendant committed a technical violation of Rule 111.7 by not setting forth its affirmative defense separately and labelling it as such, we do not feel that this merely formal defect is fatal in view of the fact that the pleadings sufficiently described the alleged fraud in the transaction. See 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 199.

Next, plaintiff contends that there is no evidence that Ken-Bar acted as the plaintiff's agent. In *Saums* v. *Parfet* (1935), 270 Mich 165, 172, the Court quoted with approval the description of an agent as set forth in 1 Mechem on Agency (2d ed), p 21:

" 'The characteristic of the agent is that he is a business representative. His function is to bring about, modify, affect, accept performance of, or terminate contractural obligations between his principal and third persons. To the proper performance of his functions, therefore, it is absolutely essential that there shall be third persons in contemplation between whom and the principal legal obligations are to be thus created, modified or otherwise affected by the acts of the agent.' "

An agency relationship need not be express, but may be implied from the circumstances. *Shinabarger* v. *Phillips* (1963), 370 Mich 135. When plaintiff requested Ken-Bar to procure Vincent's acceptance of the offer and Ken-Bar proceeded to carry out this mission, all the elements necessary to create an agency relationship existed, and the court could have so found.

We come now to a discussion of the issue of fraud. The problem in the court below was the

erroneous belief by the trial judge that parol evidence could not be introduced to vary or contradict the written contract. It has long been recognized that the parol evidence rule does not bar evidence of fraud, lack of acceptance, or any other defense which, if proven, would vitiate the contract. *Rood* v. *Midwest Matrix Mart, Inc.* (1957), 350 Mich 559; *Tuuk* v. *Andersen* (1969), 21 Mich App 1; *Jackson National Life Insurance Company* v. *Bakaian* (1969), 16 Mich App 26. The rationale is that such evidence does not vary or contradict the written contract; rather, it seeks to demonstrate that the writing never became a contract. The lower court was in error in discarding as irrelevant the testimony concerning the misrepresentations made to Vincent.

When Ken-Bar misrepresented to Vincent the purpose of the latter's signature, it was acting as plaintiff's agent and did so in his behalf even though the plaintiff was unaware of the wrongful conduct. See *Upell* v. *Bergman* (1929), 246 Mich 82. If this be true, we must view this transaction as if it occurred between plaintiff and defendant directly. When thus viewed, it becomes clear that a voidable contract was formed.

It is axiomatic that a contract induced by fraud is voidable by the party defrauded. *Rood* v. *Midwest Matrix Mart, Inc., supra.* This holds trus even if the fraud succeeds due to a party's negligence.[1] See *Rood, supra.* In the case at bar, the testimony indicates and the court found that Vincent's signature was induced by a material misrepresentation as to an existing fact. In *Schupp* v. *Davey Tree Expert Co.* (1926), 235 Mich 268, the Court, facing a similar situation said:

---

[1] *Contra,* see 2 Restatement Contracts, § 475, p 905.

"In case of fraud in procuring a signature to a writing, courts of equity and law have concurrent jurisdiction in many instances. In case of fraud in procuring a signature to a writing, defense against liability may be made at law or the power of the court of equity to cancel the writing may be invoked. *Austin* v. *Ash* [1935], 232 Mich 251.

"We have given due consideration to the business experience and supposed acumen of plaintiff and his confessed simplicity in sending out the paper over his signature to accomplish a purpose directly opposed to its terms, but feel that his guilelessness on this occasion should not cause us to overlook the guile employed by defendant's representative. The fraud worked because plaintiff was careless, but this did not render it any less a fraud."

We, therefore, hold that no binding contract was ever consummated between plaintiff and defendant.

For the foregoing reason the judgments of the lower court in favor of the plaintiff and the defendant are reversed.

Reversed.

All concurred.