TRONGO v TRONGO

Docket No. 61621. Submitted August 19, 1982, at Detroit.—Decided March 22, 1983. Leave to appeal denied, 417 Mich __.

On June 9, 1979, defendant Daryl Trongo, while driving his motorcycle, collided with a motor vehicle driven by defendant Patricia Straffon and owned by defendant Harry Straffon. Plaintiff Catherine Mary Bowman (Trongo) was a passenger on Daryl Trongo's motorcycle. She sustained fractures of the knee and ankle and several lacerations. Her medical expenses following the accident were paid for by the Department of Social Services through its Medicaid program. Plaintiff later married Daryl Trongo. Plaintiff was not personally covered by a vehicular insurance policy. Defendants Straffon, however, were insured under a no-fault policy and, under Michigan law, were primarily responsible for plaintiff's medical expenses. Defendant Daryl Trongo carried only general liability insurance on his motorcycle. Plaintiff signed a release and discharge of all claims against Daryl Trongo on January 25, 1980, in a DSS office. Her DSS caseworker called her to the office and told plaintiff to sign the papers so that DSS could be reimbursed for plaintiff's medical expenses. Plaintiff stated that she neither read the release nor understood it to be a waiver of her claims against Daryl Trongo. Both plaintiff and Mr. Trongo's insurer, Emmco Excel Insurance Company, agree that all settlement negotiations occurred between DSS and Emmco only and that there was never any contact between plaintiff and Emmco. The settlement draft was for the exact cost of medical expenses paid by Medicaid and was made payable to the DSS and plaintiff. Plaintiff brought an action against defendants in the Sanilac Circuit Court, which granted accelerated judgment for defendant Trongo based on the release, Allen E. Keyes, J. Plaintiff appealed. *Held:*

Accelerated judgment is improper where there is a material issue of fact as to the validity of a release. A release of tort liability may be unfairly made and invalid if: (1) the releasor

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 11.
[2] 66 Am Jur 2d, Release §§ 3, 17, 21.

was dazed, suffering from shock, or under the influence of drugs; (2) there was misrepresentation as to the nature of the instrument; or (3) there was other fraudulent or overreaching conduct. There was a material issue of fact as to the validity of the release and as to whether DSS was acting as Emmco's agent.

Reversed and remanded.

1. J<small>UDGMENTS</small> — A<small>CCELERATED</small> J<small>UDGMENTS</small> — R<small>ELEASES</small>.

Accelerated judgment is improper where there is a material issue of fact as to the validity of a release; a plaintiff need not prove that a release is void by a preponderance of the evidence in a hearing on the motion for accelerated judgment.

2. R<small>ELEASE</small> — T<small>ORTS</small>.

A release of tort liability may be unfairly made and invalid if: (1) the releasor was dazed, suffering from shock, or under the influence of drugs; (2) there was misrepresentation as to the nature of the instrument; or (3) there was other fraudulent or overreaching conduct.

*Wish & Sternberg, P.C.* (by *Phillip L. Sternberg*), for plaintiff.

*Klein & Bloom, P.C.* (by *Gary M. Bloom*), for defendant Trongo.

Before: B<small>RONSON</small>, P.J., and M<small>AC</small>K<small>ENZIE</small> and K. N. S<small>ANBORN</small>,* JJ.

P<small>ER</small> C<small>URIAM</small>. Plaintiff appeals as of right from an order granting defendant Daryl Trongo's motion for accelerated judgment based upon a release signed by plaintiff. GCR 1963, 116.1(5).

On June 9, 1979, Daryl Trongo, while driving his motorcycle, collided with a motor vehicle driven by defendant Patricia Straffon and owned by defendant Harry Straffon. Plaintiff was a passenger on Daryl Trongo's motorcycle. She sustained fractures of the knee and ankle and several lacerations. Her

---

* Circuit judge, sitting on the Court of Appeals by assignment.

medical expenses following the accident were paid for by the Department of Social Services (DSS) through its Medicaid program. Plaintiff married Daryl Trongo on December 8, 1979.

Plaintiff was not personally covered by a vehicular insurance policy. Defendants Straffon, however, were insured under a no-fault policy and, under Michigan law, were primarily responsible for plaintiff's medical expenses. MCL 500.3115; MSA 24.13115. Defendant Daryl Trongo carried only general liability insurance on his motorcycle.

Plaintiff signed a release and discharge of all claims against Daryl Trongo on January 25, 1980, in a DSS office. Her DSS caseworker called her to the office and told plaintiff to sign the papers so that DSS could be reimbursed for plaintiff's medical expenses. Plaintiff stated that she neither read the release nor understood it to be a waiver of her claims against Daryl Trongo. By affidavit at the hearing on the motion, both plaintiff and Mr. Trongo's insurer, Emmco Excel Insurance Company, agreed that all settlement negotiations occurred between DSS and Emmco only and that there was never any contact between plaintiff and Emmco. The settlement draft was for the exact cost of medical expenses paid by Medicaid and was made payable to the DSS and plaintiff.

In its opinion granting the motion for accelerated judgment, the trial court said plaintiff failed to prove by a preponderance of evidence that the release should be set aside. Plaintiff failed to prove that either Emmco or the DSS coerced her into signing the release. The trial court stated that Emmco could not misrepresent the nature of the release as Emmco never dealt directly with plaintiff.

Plaintiff argues in this appeal that she raised

questions of fact regarding the validity of the release which precluded the grant of accelerated judgment. We agree.

Where there is a material issue of fact as to the validity of a release, accelerated judgment is improper. *Van Buren Twp v Ackron,* 63 Mich App 600, 604; 234 NW2d 722 (1975); *Baker v Detroit,* 73 Mich App 67, 75; 250 NW2d 543 (1976). In determining whether a question of fact exists, the trial court must accept all of the nonmoving parties' well-pled allegations as true. *Empire Shoe Service, Inc v Gershenson,* 62 Mich App 221, 224; 233 NW2d 237 (1975). A plaintiff need not prove that a release is void by a preponderance of the evidence in a hearing on a motion for accelerated judgment. Such a stringent standard is only required when a plaintiff seeks affirmatively to void a release. See, *e.g., Van Avery v Seiter,* 383 Mich 486, 488; 175 NW2d 744 (1970).

A release is valid if it is fairly and knowingly made. *Denton v Utley,* 350 Mich 332, 342; 86 NW2d 537 (1957); *Harris v Lapeer Public School System,* 114 Mich App 107, 115; 318 NW2d 621 (1982). Generally, the intent of the parties expressed in the terms of a release governs its scope. *Harris, supra,* p 114. However, this Court will look beyond the language of the release to determine the fairness of the release and the intent of the parties on executing it. *Id.,* p 115.

A release is not fairly made and invalid if:

"(1) the releasor was dazed, suffering from shock or under the influence of drugs; (2) there was misrepresentation as to the nature of the instrument; or (3) there was other fraudulent or overreaching conduct." *Theisen v Kroger Co,* 107 Mich App 580, 582-583; 309 NW2d 676 (1981).

In resolving the factual question of the intent of the parties a court may consider all the circumstances surrounding the execution of the release, including the conduct and intelligence of the parties. *Denton, supra,* p 345.

Plaintiff in this case did raise material issues of fact regarding the validity of the release. She stated that she was signing papers at the insistence of her DSS caseworker so that the department could be reimbursed for plaintiff's medical expenses. Plaintiff was receiving Aid to Dependent Children (ADC) benefits and medical assistance at that time. She expressed fear that she would be cut off from assistance if she did not comply. These facts raise the material issue of misrepresentation about the nature of the instrument and other fraudulent or overreaching conduct by the DSS.

Once material issues of fact regarding fraud and misrepresentation as to the true nature of an executed instrument are raised, those facts must be resolved by a factfinder after a full hearing on the merits. *Denton, supra,* pp 343-345; *Paul v Rotman,* 50 Mich App 459; 213 NW2d 588 (1973). Furthermore, the question whether an implied principal-agency relationship exists is one of fact. *Jackson v Goodman,* 69 Mich App 225, 230; 244 NW2d 423 (1976). A principal is responsible for the misrepresentations made by its agent. *Komraus Plumbing & Heating, Inc v Cadillac Sands Motel, Inc,* 31 Mich App 674, 679; 187 NW2d 920 (1971). Thus, the trial court in this case was not in a position to determine on a motion for accelerated judgment that Emmco made no misrepresentation to plaintiff. The question whether the DSS acted as an agent for Emmco is also a material issue raised by plaintiff to be resolved by a factfinder following a full hearing on the merits.

Defendant argues that this Court's opinion in *Theisen, supra,* is controlling here and warrants affirmance of the accelerated judgment. In *Theisen,* plaintiff moved to set aside a release and defendant moved for accelerated judgment based upon that release. The trial court granted defendant's motion for accelerated judgment. This Court affirmed. *Theisen, supra,* p 582, cited *Van Avery, supra,* for the rule that a plaintiff has the burden of proof by a preponderance of the evidence in order to set aside a release. This Court in *Theisen* said plaintiff had not met that burden.

*Theisen* is distinguishable from this case. First, the plaintiff in *Theisen* affirmatively moved to set aside the release. Second, the facts showed that plaintiff in *Theisen* dealt directly with the insurer to reach a settlement. Moreover, the plaintiff did not allege that the defendant's insurer or its agent misrepresented the nature of the release. Finally, in *Theisen* there was no showing of concealment or overreaching, unlike the circumstances shown in this case.

Thus, we reverse the trial court's grant of accelerated judgment and remand for a full separate hearing on the merits regarding the validity of the release. If that release is found void, this case should proceed to trial on the issue of liability.

Reversed and remanded.