BROOKS v HOLMES

Docket No. 87746. Submitted December 11, 1986, at Lansing. Decided April 27, 1987.

Rebecca Brooks and Doris Carlice made an offer to purchase a home from Bernice Benda through Carriage House Realty and agent Izola Holmes. The house was listed with Belon Realty Company. The closing agreement on the sale was signed on July 19, 1983, and included a release of Belon Realty, Carriage House Realty and their agents and employees with respect to all claims arising out of the performance of the agreements relating to the sale. Brooks and Carlice brought an action in the Ingham Circuit Court against Holmes, Carriage House Realty, Belon Realty and Benda alleging fraud, misrepresentation and negligence in regard to representations, acts and omissions concerning the habitability and condition of the property. Benda was dismissed from the suit. Belon Realty, Carriage House Realty and Holmes were dismissed based on the release, James T. Kallman, J. Plaintiffs appeal the dismissal of the latter three parties.

The Court of Appeals *held:*

A release is invalid if (1) the releasor was acting under duress, (2) there was misrepresentation as to the nature of the release agreement, or (3) there was fraudulent or overreaching conduct to secure the release. Plaintiffs did not demonstrate the invalidity of the release. Their action is barred by the terms of the agreement.

Affirmed.

RELEASE — CONTRACTS.

A release is valid if it is fairly and knowingly made; a release is invalid if (1) the releasor was acting under duress, (2) there was misrepresentation as to the nature of the release agreement, or (3) there was fraudulent or overreaching conduct to secure the release.

REFERENCES

Am Jur 2d, Release §§ 14 *et seq.*

Construction of provision in real-estate mortgage, land contract, or other security instrument for release of separate parcels of land as payments are made. 41 ALR3d 7.

*Bobay, Kaechele & Wilensky, P.C.* (by *Lawrence D. Kaechele*), for plaintiffs.

*Dunnings & Frawley, P.C.* (by *Stuart J. Dunnings, Jr.*), for Carriage House Realty and Izola Holmes.

*Foster, Swift, Collins & Coey, P.C.* (by *George M. Brookover* and *T. Neil Bemenderfer*), for Belon Realty Company.

Before: MacKenzie, P.J., and Allen and M. J. Shamo,* JJ.

Per Curiam. This case arises out of plaintiffs' purchase of defendant Benda's house, which was listed with defendant Belon Realty. On May 12, 1983, plaintiffs, through defendants Carriage House Realty, and real estate agent Izola Holmes made an offer to purchase the property from Benda for $34,900, provided the seller brought the home up to "city code minimum" and "fha requirements." Benda's counteroffer, stating that the $34,900 price was acceptable but "any repairs subjected by fha or City shall not exceed $1,000.00," was accepted by plaintiffs on May 23, 1983. Following an inspection of the house, Benda paid $1,008 for electrical modifications. Plaintiffs and Benda signed a closing agreement on the sale of the house on July 29, 1983. In the agreement plaintiffs agreed to accept the property "as is" and to release Belon Realty Company and Carriage House Realty and their agents and employees "with respect to all claims arising out of the performance of such Buy and Sell Agreement and Addendums and Counter Offers thereto."

After moving into the house, plaintiffs discov-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

ered certain defects in the premises. They then commenced suit alleging fraud, misrepresentation, and negligence on the part of the defendants for representations allegedly made and acts and omissions done or not done concerning the habitability and condition of the property.

Defendant Benda was dismissed from the suit on June 12, 1985, following her motion for summary disposition. By orders dated August 20 and September 10, 1985, plaintiffs' claims as to defendants Belon Realty, Carriage House Realty, and Izola Holmes were also dismissed pursuant to MCR 2.116(C)(7). Plaintiffs appeal as of right from the August and September orders. We affirm.

The trial court in this case ruled that the release given by plaintiffs in the closing agreement barred plaintiffs' suit. We agree. A release is valid if it is fairly and knowingly made. *Denton v Utley,* 350 Mich 332, 342; 86 NW2d 537 (1957); *Trongo v Trongo,* 124 Mich App 432, 435; 335 NW2d 60 (1983), lv den 417 Mich 1100.32 (1983). A release is invalid if (1) the releasor was acting under duress, (2) there was misrepresentation as to the nature of the release agreement, or (3) there was fraudulent or overreaching conduct to secure the release. *Weiser v Welch,* 112 Mich 134, 136; 70 NW 438 (1897); *Trongo, supra,* pp 435-436. Here, plaintiffs have not alleged or suggested why their release is not valid. Nowhere do plaintiffs claim that the release was the product of duress, defendants' misrepresentations as to the nature of the release agreement, or fraudulent or overreaching conduct by the defendants to secure the release. In fact, when asked by the trial court if the plaintiffs had "alleged or shown any fraud or duress or coercion in the signing of the closing document," plaintiffs' attorney responded in the negative.

Having failed to demonstrate the invalidity of

their release, plaintiffs' action was barred under the terms of their agreement. Accordingly, we need not consider the merits of plaintiffs' arguments regarding the "as is" clause.

Affirmed.