HUNGERMAN v McCORD GASKET CORPORATION

Docket No. 118152. Submitted January 8, 1991, at Detroit. Decided April 17, 1991; approved for publication June 13, 1991, at 9:00 A.M.

John J. Hungerman brought an action in the Wayne Circuit Court against McCord Gasket Corporation and JP Industries, Inc., alleging wrongful termination of employment. The court, Kathleen MacDonald, J., granted the defendants' motion for summary disposition, finding the action barred by a release signed by the plaintiff which absolved the defendants of liability. The plaintiff appealed, alleging that the release was ineffective because it was signed under duress, and the defendants made misrepresentations regarding its nature.

The Court of Appeals *held:*

1. The plaintiff's claim is barred by the release, which he was free to refuse to sign and which he signed after he had consulted an attorney.

2. There was insufficient evidence that the defendants' statement regarding the legal validity of the release constituted intentional misrepresentation. The plaintiff cannot claim that the defendants' statement of opinion constituted intentional misrepresentation, because he consulted an attorney before signing the release.

3. The plaintiff failed to tender the amount paid under the agreement in a timely manner.

Affirmed.

*Michael A. Conway,* for the plaintiff.

*Barris, Sott, Denn & Driker* (by *Morley Witus* and *Daniel J. LaCombe*) (*Petersmarck, Callahan, Bauer & Maxwell, P.C.,* by *Richard W. West,* of Counsel), for the defendants.

Before: JANSEN, P.J., and WAHLS and HOOD, JJ.

PER CURIAM. Plaintiff appeals as of right an

order of summary disposition dismissing plaintiff's claim. Plaintiff had filed suit alleging that defendants wrongfully terminated his employment. Defendants moved for summary disposition under MCR 2.116(C)(7), (10) alleging that plaintiff's action is barred by a release signed by plaintiff absolving defendants of liability. On appeal, plaintiff alleges that the release is ineffective because he was under duress and defendants made misrepresentations. We disagree and affirm.

The release plaintiff signed stated in part:

> In connection with the termination of employment of John Hungerman ("Employee") with McCord Gasket Corporation, (the "Company) a subsidiary of JP Industries, Inc., the Company and Employee have entered into the following Severance Agreement.
> 1. The Company will pay the Employee all earned and accrued vacation pay, which the parties agree total $2,374.62.
> 2. The Company will also pay Employee a lump sum severance amount of $21,437.50 which equals 5 months of Employee's salary.
>
> * * *
>
> 8. The Employee and anyone acting in his behalf does, in consideration of the above, release and forever discharge the Company and Company officers, directors and employees from any and all claims, legal actions and damages which the Employee might raise against the Company now or hereafter pertaining in any way to his employment and/or termination from the Company.
> The Employee acknowledges that he has had an opportunity to read and discuss the Agreement with the Company. The Employee agrees that no promise or inducement has been offered and that he voluntarily signed and entered into this Agreement with full knowledge of its significance, accepting full responsibility for it.

First, plaintiff alleges that the release was signed under duress and that defendants procured his signature under the threat of withholding his accrued vacation pay and earned wages. In order to void a contract on the basis of economic duress, the wrongful act or threat must deprive the victim of his unfettered will. *Barnett v International Tennis Corp,* 80 Mich App 396, 406; 263 NW2d 908 (1978). Further, the party threatened must not have an adequate legal remedy available. *Id.*

Plaintiff was free to refuse to sign the release. Further, plaintiff consulted an attorney before signing. As a matter of law, we hold that plaintiff's claim is barred by his release. MCR 2.116(C)(7).

Second, plaintiff claims that his release is invalid because there was a misrepresentation regarding the nature of the instrument. To warrant recision or invalidation of a contract or release, a misrepresentation must be made with the intent to mislead or deceive. *Paterek v 6600 Limited,* 186 Mich App 445, 449; 465 NW2d 342 (1990). An innocent misrepresentation is insufficient to invalidate a release. *Id.* Where fraud or mistake is alleged, the intent of the parties should be considered. *Binard v Carrington,* 163 Mich App 599, 604; 414 NW2d 900 (1987). In determining the intent of the parties, we look to the following factors: (1) the haste with which the release was obtained, (2) the amount of consideration, (3) the circumstances surrounding the release, including the conduct and intelligence of both the releasor and the releasee, and (4) the actual presence of an issue of liability. *Id.* Claims of fraudulent misrepresentation require proof that

(1) the defendant made a material representation, (2) it was false, (3) the defendant knew it was false when made, or made it recklessly, without knowl-

edge of its truth and as a positive assertion, (4) it was made with the intention to induce reliance by the plaintiff, (5) the plaintiff acted in reliance upon it, and (6) the plaintiff thereby suffered injury. [*State-William Partnership v Gale,* 169 Mich App 170, 178; 425 NW2d 756 (1988).]

There was insufficient evidence that defendants' statement regarding the legal validity of the release constituted intentional misrepresentation. Plaintiff consulted his wife and an attorney before signing the release. After having consulted his attorney, plaintiff cannot claim that defendants' statement of opinion constituted intentional misrepresentation.

In any case, we find that plaintiff failed to timely tender back the amount paid under the agreement. *Leahan v Stroh Brewery Co,* 420 Mich 108, 112; 359 NW2d 524 (1984). Therefore, we conclude that the trial court did not err in granting summary disposition under MCR 2.116(C)(7), (10) on the basis of the valid release.

Affirmed.