# STATE OF MICHIGAN

# COURT OF APPEALS

JOSE CEBRIAN GONZALEZ,

Plaintiff-Appellee,

v

RUSTY WALLACE RACING EXPERIENCE,
SITYS, L.L.C., FORMULA RACING
EXPERIENCE, and RACING REALITY, INC.,

Defendants-Appellants.

UNPUBLISHED
January 13, 2015

No. 319471
Lenawee Circuit Court
LC No. 12-004534-NO

Before: FORT HOOD, P.J., and HOEKSTRA and O'CONNELL, JJ.

PER CURIAM.

Plaintiff, Jose Cebrian Gonzalez, sued defendants, Rusty Wallace Racing Experience, Sitys, L.L.C., Formula Racing Experience, and Racing Reality, Inc., (collectively, the Racing Experience) after his steering wheel detached from the racecar that he was driving and he crashed into a barrier wall. The Racing Experience appeals by leave[1] the trial court's denial of its motion for summary disposition under MCR 2.116(C)(7) and (10). We reverse and remand.

## I. FACTS

Gonzalez, a citizen of Spain, came to Michigan on a family vacation in June 2012. As part of his vacation, Gonzalez participated in a "test drive" at the Michigan International Speedway. At his deposition, Gonzalez testified that he signed a release form when registering for the event. Gonzalez actually signed two forms. The first released the Racing Experience from all liability and personal injury claims related to the event, "whether caused by the negligence of the Releasees or otherwise." The release stated that it "extends to all acts of negligence of the Releasees, including negligent rescue operations, and is intended to be as broad and inclusive as is permitted by the laws of the State."

---

[1] *Gonzalez v Rusty Wallace Racing Experience*, unpublished order of the Court of Appeals, entered February 27, 2014, (Docket No. 319471).

The first release that Gonzalez signed prominently announced that the event was very dangerous and involved the risk of serious injury. The second release stated that Gonzalez acknowledged that "driving or riding in a racecar and all the related activities are dangerous with many risks that may result in serious injury or even death." In the second release, Gonzalez agreed to assume the risk of bodily injury.

According to Gonzalez, he obtained half an hour of instruction, after which he felt ready to drive the car. Gonzalez was a passenger in a racecar for two laps, and then he was assigned to a different car. After Gonzalez entered the car, a woman locked him into place with a security belt, "fixed all the stuff," and "check[ed] that everything was perfectly appropriately fixed and I was ready to go to start." Gonzalez did not have any problems steering the car on the first four or five laps. However, on the fifth or sixth lap, the steering wheel detached from the steering column. Gonzalez lost control of the car and crashed into a wall.

On August 31, 2012, Gonzalez filed this complaint, in which he alleged theories of negligence and gross negligence. The Racing Experience moved for summary disposition under MCR 2.116(C)(7), (8), and (10). In pertinent part, the Racing Experience asserted that Gonzalez's claims sounded in ordinary negligence, not gross negligence, and thus his release barred his claims. Following arguments on the motion, the trial court determined that genuine issues of material fact precluded it from granting summary disposition.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition under MCR 2.116(C)(7) and (10). *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008); *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claim is barred "because of release[.]" *Wyrembelski v City of St Clair Shores*, 218 Mich App 125, 127; 553 NW2d 651 (1996). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## III. GROSS NEGLIGENCE AND WILLFUL AND WANTON MISCONDUCT

The Racing Experience contends that the trial court erred when it denied its motion for summary disposition because Gonzalez has not shown that its conduct was grossly negligent. We agree.

A release insulates a defendant against ordinary negligence. *Skotak v Vic Tanny Int'l, Inc*, 203 Mich App 616, 617-618; 513 NW2d 428 (1994). However, a release does not insulate a party against gross negligence or willful and wanton misconduct. *Lamp v Reynolds*, 249 Mich App 591, 594; 645 NW2d 311 (2002).

Gross negligence is different than willful and wanton misconduct. *Xu v Gay*, 257 Mich App 263, 269 n 3; 668 NW2d 166 (2003). A person's conduct is grossly negligent if the person engages in "conduct so reckless as to demonstrate a substantial lack of concern for whether an

injury results." *Maiden*, 461 Mich at 123; *Xu*, 257 Mich App at 269. In contrast, "[w]illful and wanton misconduct is not a high degree of negligence; rather, it is in the same class as intentional wrongdoing." *Boumelhem v Bic Corp*, 211 Mich App 175, 185; 535 NW2d 574 (1995). Willful and wanton misconduct has a higher threshold than gross negligence. See *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004) (stating that gross negligence is "almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks.")

First, Gonzalez claimed that the Racing Experience must not have inspected his steering wheel. The Racing Experience contends that there is no genuine issue of material fact regarding whether Dutcher inspected Gonzalez's steering wheel.

Even presuming that a total failure to inspect Gonzalez's steering wheel would constitute gross negligence, Gonzalez's testimony at deposition contradicts his claim that Dutcher did not inspect his wheel. In this case, Gonzalez testified that he thought that Dutcher pulled on the wheel to make sure it was in place. Gonzalez also testified that Dutcher "check[ed] that everything was perfectly appropriately fixed and I was ready to go to start." And Dutcher testified that her standard practice involved grabbing the steering wheel to check it. Accordingly, there is no factual dispute regarding whether the Racing Experience inspected Gonzalez's steering wheel. We conclude that Gonzalez has not shown that reasonable minds could differ on this issue.

Second, Gonzalez claimed that Dutcher was grossly negligent because she should have taken additional precautions to ensure his safety, such as by inspecting the wheel by a "three tugs" system. The Racing Experience contends that, at best, this would be evidence of ordinary negligence. We agree with the Racing Experience.

"Evidence of ordinary negligence does not create a material question of fact concerning gross negligence." *Maiden*, 461 Mich at 122-123. An allegation that an actor could have done more or acted differently is not evidence of ordinary negligence, much less gross negligence. *Tarlea*, 263 Mich App at 90. "Simply alleging that an actor could have done more is insufficient under Michigan law[.]" *Id*.

In this case, Gonzalez asserted that Dutcher should have taken additional safety precautions. But Dutcher's failure to take precautions above and beyond tugging on the wheel does not demonstrate that Dutcher was ordinarily negligent, much less grossly negligent. Therefore, we conclude that this claim cannot provide a basis for avoiding Gonzalez's release.

## IV. FRAUDULENT MISREPRESENTATION

As an alternative ground for affirmance, Gonzalez asserts that he may avoid his release because the Racing Experience fraudulently misrepresented the level of training of its crew members. We decline to affirm on this ground.

A release is valid if it is fairly and knowingly made. *Denton v Utley*, 350 Mich 332, 342; 86 NW2d 537 (1957). "A release is not fairly made if '(1) the releasor was dazed, in shock, or under the influence of drugs, (2) the nature of the instrument was misrepresented, or (3) there was other fraudulent or overreaching conduct.' " *Xu*, 257 Mich App at 273, quoting *Skotak*, 203

-3-

Mich App at 618. To show fraudulent misrepresentation in obtaining a release, the plaintiff must show the standard elements of fraud, which are that

> (1) the defendant made a material representation, (2) it was false, (3) the defendant knew it was false when made, or made it recklessly, without knowledge of its truth and as a positive assertion, (4) it was made with the intention to induce reliance by the plaintiff, (5) the plaintiff acted in reliance upon it, and (6) the plaintiff thereby suffered injury. [*Hungerman v McCord Gasket Corp*, 189 Mich App 675, 677-678; 473 NW2d 720 (1991), quoting *State-William Partnership v Gale*, 169 Mich App 170, 178; 425 NW2d 756 (1988) (quotation marks omitted).]

The purpose of the fraudulent conduct must be to secure the release. See *Brooks v Holmes*, 163 Mich App 143, 145; 413 NW2d 688 (1987).

In this case, the Racing Experience stated in a letter that its "crew is expertly trained to take the average person through a 60-minute preparation and have them comfortable and ready to enjoy a dream realized." This is the only representation on which Gonzalez relies for his assertion of fraud. Notably, Gonzalez testified that, after the instruction, he thought that "in terms of instructions they were very clear" and he felt ready to drive the car. Thus, there is no factual support for Gonzalez's allegation that this statement was false.

But even presuming that the statement in the letter constituted a misrepresentation, Gonzalez has failed to show, or even argue, several elements of fraud, including that the Racing Experience knew that its alleged misrepresentation was false, the Racing Experience intended to induce Gonzalez to rely on the representation to secure the release, and Gonzalez actually relied on the representation when signing the release. In sum, Gonzalez has not alleged provided facts that would support a claim that the Racing Experience engaged in fraudulent conduct *to secure the release*.

## V. CONCLUSION

Because no reasonable mind could conclude from the facts in this case that Dutcher failed to inspect the wheel, and because the remainder of Gonzalez's claims do not provide a basis for avoiding his release, the trial court should have granted the Racing Experience's motion for summary disposition under MCR 2.116(C)(7) and (10). As the prevailing party, the Racing Experience may tax costs. MCR 7.219.

We reverse and remand for entry of summary disposition in favor of the Racing Experience. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell