# STATE OF MICHIGAN

# COURT OF APPEALS

SEUNG WOOK AHN,

        Plaintiff/Counter-Defendant-
        Appellee,

v

BELLHUR, INC., d/b/a HBC JOINT VENTURE,
MARCELLO SCAPPATICCI, SILVIO
SCAPPATICCI, GINA SCAPPATICCI,
ALPHONSE V. TABAKA, and TABAKA &
FARNETTI, PC, d/b/a TABAKA & CHIESA, PC,

        Defendants/Counter-Plaintiffs-
        Appellants.

UNPUBLISHED
January 15, 2015

No. 318043
Wayne Circuit Court
LC No. 12-013256-CZ

Before: DONOFRIO, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Defendants/Counter-Plaintiffs, Bellhur, Inc. (Bellhur), d/b/a HBC Joint Venture, Marcello Scappaticci, Silvio Scappaticci, Gina Scappaticci, Alphonse V. Tabaka (Tabaka), and Tabaka & Farnetti, PC, d/b/a Tabaka & Chiesa, PC (the "law firm"), appeal by leave granted the denial of their motion for summary disposition in this dispute pertaining to a real estate investment. *Ahn v Bellhur, Inc*, unpublished order of the Court of Appeals, entered April 2, 2014 (Docket No. 318043). We reverse and remand.

Defendants contend they are entitled to summary disposition on plaintiff's complaint premised on the existence of a signed waiver and release and covenant not to sue. Defendants argue that the language of the release coupled with the failure to demonstrate that Tabaka or his law firm continued to serve or participate in an attorney-client relationship with plaintiff at the pertinent time defeat any claims of fraud.

Defendant sought summary disposition pursuant to MCR 2.116(C)(7) and (C)(10). A trial court's decision on a motion for summary disposition is reviewed de novo. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). "When the plaintiffs' claims are barred because of a release, summary disposition is proper under MCR 2.116(C)(7)." *Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 373-374; 838 NW2d 720 (2013). "In reviewing a motion for summary disposition under MCR 2.116(C)(7), a court considers the

-1-

affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence." *McLean v Dearborn*, 302 Mich App 68, 73; 836 NW2d 916 (2013). This Court "must consider the documentary evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7)." *Moraccini v City of Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). In the absence of any factual dispute, whether a motion for summary disposition under subrule (C)(7) should be granted comprises a question of law for the trial court to decide. *Id*. "[W]hen a relevant factual dispute does exist, summary disposition is not appropriate." *Id*. "The interpretation of a release presents a question of law that this Court reviews de novo." *Radu*, 302 Mich App at 374. See also *Citizens Ins Co v Secura Ins*, 279 Mich App 69, 72; 755 NW2d 563 (2008) (de novo review of issues of contract interpretation as comprising questions of law).

As discussed by this Court in *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115-116; 839 NW2d 223 (2013) (citations omitted):

> Under MCR 2.116(C)(10), the motion tests the factual adequacy of a complaint on the basis of the entire record, including affidavits, depositions, admissions, or other documentary evidence. The trial court in deciding the motion must view the substantively admissible evidence submitted up to the time of the motion in a light most favorable to the party opposing the motion. "Summary disposition is appropriate . . . if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ."

The recognized goal of contract interpretation is to read the document as a whole and apply the plain language used to fulfill and honor the intent of the parties. *Dobbelaere v Auto-Owners Ins Co*, 275 Mich App 527, 529; 740 NW2d 503 (2007). "Contracts must be construed so as to give effect to every word or phrase as far as practicable." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003). The terms or words contained in a contract must be read in context. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 516; 773 NW2d 758 (2009). If the language is found to be clear and unambiguous, the contract must be interpreted and enforced as it is written. *Frankenmuth Mut Ins Co v Masters*, 460 Mich 105, 111; 595 NW2d 832 (1999).

Plaintiff signed an Agreement and Release (the agreement) which contained the following pertinent language:

> WHEREAS the corporation may receive moneys [sic] from a third party;

> WHEREAS there is no legal obligation to pay because of the time that has elapsed and;

> WHEREAS in the event the corporation actually receives the money from the third party, the corporation is willing to pay a sum certain to Ahn and he is willing to accept this sum in full settlement of all amounts due to him and;

> NOW THEREFORE the parties agree as follows:

3.  In consideration of the receipt of Fifty Thousand and 00/100 ($50,000.00) Dollars the undersigned Sung Ahn for himself, his heirs and assigns, releases and considers fully paid all sums due including the investment made and claims he may have against the corporation (BEL HUR INC.) and the joint venture (HBC JOINT VENTURE) as well as the officers, agents, shareholders and attorneys (Tabaka & Chiesa, P.C.) of all the entities involved in the ownership and management of this investment.

Plaintiff also signed a separate covenant not to sue, in which he acknowledged receipt of the $50,000 referenced in the agreement and, in consideration for this payment, agreed to a full and complete release of all claims that had "arisen as a result of the investment in [Bellhur, Inc. and/or HBC Joint Venture]" as of July 14, 2011.

The language of the agreement is not ambiguous. A contract is ambiguous if "its provisions are capable of conflicting interpretations." *Klapp*, 468 Mich at 467. A contract is not ambiguous if, "although inartfully worded or clumsily arranged," it "fairly admits of but one interpretation." *Holmes v Holmes*, 281 Mich App 575, 594; 760 NW2d 300 (2008) (quotation and citation omitted). Based on the language of the document, there is no legitimate claim of ambiguity because the agreement is clear and capable of only one interpretation. Specifically, the agreement includes language which gives notification that there is a possibility of the sale of the property and if such a sale is effectuated that plaintiff agrees to settle and release his claims in the investment for the sum of $50,000. There is no dispute that plaintiff actually received the amount indicated, that he received it after the sale of the property, and that he transferred his shares to another shareholder.

Next is an evaluation of the intent of the parties in effectuating the release. The validity of a release is contingent on the intent of the parties. *Batshon v Mar-Que Gen Contractors, Inc*, 463 Mich 646, 649 n 4; 624 NW2d 903 (2001). As here, if the language of a release is clear and unambiguous, the intent of the parties is to be determined from the plain and ordinary meaning of the language. *Id*. "A release is valid if it is fairly and knowingly made," but is "invalid if (1) the releasor was acting under duress, (2) there was misrepresentation as to the nature of the release agreement, or (3) there was fraudulent or overreaching conduct to secure the release." *Brooks v Holmes*, 163 Mich App 143, 145; 413 NW2d 688 (1987) (citations omitted). "To warrant rescission or invalidation of a contract or release, a misrepresentation must be made with the intent to mislead or deceive." *Hungerman v McCord Gasket Corp*, 189 Mich App 675, 677; 473 NW2d 720 (1991) (citation omitted).

Plaintiff appears to contend both that the wording of the release was fraudulent because it misled him to believe the sale of the property comprised merely a possible future contingency and simultaneously that the wording constituted a form of silent fraud because it omitted relevant

information pertaining to the impending sale of the property.[1]  As discussed by this Court in *Lucas v Awaad*, 299 Mich App 345, 363-364; 830 NW2d 141 (2013) (citations and quotation marks omitted):

> A plaintiff asserting a claim of fraud must demonstrate these six elements: (1) that the defendant made a material representation; (2) that it was false; (3) that the defendant made the representation knowing that it was false or made it recklessly without knowledge of its truth; (4) that the defendant intended that the plaintiff would act on the representation; (5) that the plaintiff relied on the representation; and (6) that the plaintiff suffered injury as a result of having relied on the representation.

> To prove silent fraud, also known as fraudulent concealment, the plaintiff must show that the defendant suppressed the truth with the intent to defraud the plaintiff and that the defendant had a legal or equitable duty of disclosure.  A plaintiff cannot merely prove that the defendant failed to disclose something; instead, a plaintiff must show some type of representation by words or actions that was false or misleading and was intended to deceive.

In terms of plaintiff's contention of active fraud, it is recognized that a claim of fraudulent misrepresentation "requires reasonable reliance on a false representation." *Nieves v Bell Indus, Inc*, 204 Mich App 459, 464; 517 NW2d 235 (1994).  "There can be no fraud where a person has the means to determine that a representation is not true." *Id*.  This Court has also held that "a person who signs and executes an instrument without inquiring as to its contents cannot have the instrument set aside on the ground of ignorance of the contents." *Christensen v Christensen*, 126 Mich App 640, 645; 337 NW2d 611 (1983).  Similarly, plaintiff's assertion that he failed to fully read or comprehend the document he signed does not afford him the relief sought.  "It is well established that a person cannot avoid a written contract on the ground that he did not attend to its terms, did not read it, supposed it was different in its terms, or that he believed it to be a matter of mere form." *Rowady v K Mart Corp*, 170 Mich App 54, 60; 428 NW2d 22 (1988).  The language of the agreement was sufficiently clear to place plaintiff on notice of the possibility of a sale, and plaintiff failed to make any further inquiry regarding the potential buyer, price or status of negotiations.

For the same reasons, plaintiff's silent fraud assertion is without merit.  Mere silence is not a demonstration of fraudulent concealment. *Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 48; 698 NW2d 900 (2005).  Not only must plaintiff establish the existence of a legal or equitable duty, but also "plaintiff must show some type of representation by words or actions that was false or misleading and was intended to deceive." *Lucas*, 299 Mich App at 363-364.  Whether plaintiff can establish a breach of duty, either through the resolution of his claim regarding the existence of an attorney-client relationship with Tabaka and his law firm, or premised on his status as a shareholder of the corporation will not, in the grand scheme of things, serve to establish his claim.

---

[1] Plaintiff's complaint did assert three fraud counts:  (a) fraud, (b) fraud in the inducement, and (c) silent fraud.

We need not address the assertion of breach of Tabaka's fiduciary duties and other irrelevant claims. Plaintiff's claim is only dependent on a determination of the validity of the release and waiver. This in turn, distills down to the procedural requirements for rescission. Specifically, "a plaintiff must tender any consideration received in exchange for a release before or simultaneously with the filing of a suit that contravenes that release." *Rinke v Auto Moulding Co*, 226 Mich App 432, 436; 573 NW2d 344 (1997), citing *Stefanac v Cranbrook Ed Community (After Remand)*, 435 Mich 155, 176; 458 NW2d 56 (1990). "On a rescission, it is necessary, as a rule, to tender back the property received in exchange for the consideration sought to be recovered, so as to restore the original status quo, and when the parties seeking relief cannot make restitution, through their own acts or fault, rescission is generally denied." *Latimer v Piper*, 261 Mich 123, 133; 246 NW 65 (1933).

There is no evidence that plaintiff tendered or offered to tender the $50,000 consideration, either before or simultaneously, with the filing of his complaint. Two exceptions are recognized to exist in regard to the requirements effectuated in the tender back rule. The necessity for the repayment of the consideration received is excused: (1) if the defendant waives the plaintiff's duty to tender back or (2) if there is fraud in the execution. *Stefanac*, 435 Mich at 165-166. *Black's Law Dictionary* (9th ed) defines "fraud in the execution" or "fraud in the factum" as:

> Fraud occurring when a legal instrument as actually executed differs from the one intended for execution by the person who executes it, or when the instrument may have had no legal existence. Compared to fraud in the inducement, fraud in the factum occurs only rarely, as when a blind person signs a mortgage when misleadingly told that the paper is just a letter.

There is no evidence in the record that defendant waived plaintiff's duty to tender back, and plaintiff does not allege that he signed the release believing that he was signing something else. Therefore, the trial court erred in denying the grant of summary disposition. Based on our determination regarding the validity of the release, the majority of defendants' remaining issues on appeal need not be addressed.

Defendants also contend the trial court erred in failing to award them attorney fees in accordance with the provisions of the Release and Covenant Not to Sue, executed by plaintiff on July 14, 2011. In denying defendants' motion for summary disposition, the trial court never addressed this issue directly, despite it having been raised in conjunction with defendants' request for summary disposition.

This issue is not ripe for this Court's review. "The doctrine of ripeness is designed to prevent the adjudication of hypothetical or contingent claims before an actual injury has been sustained. A claim is not ripe if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *City of Huntington Woods v City of Detroit*, 279 Mich App 603, 615-616; 761 NW2d 127 (2008) (citation and quotation marks omitted). Because we find that the waiver and release are valid based on plaintiff's failure to comply with the tender back rule, the issue of attorney fees, by necessity, must be remanded to the trial court for a determination of the entitlement to attorney fees and the propriety of the amount requested.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Pat M. Donofrio
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens