THEISEN v THE KROGER COMPANY

Docket No. 51662. Submitted April 9, 1981, at Detroit.—Decided July 7, 1981.

Vera H. Theisen filed an action against the Kroger Company in Wayne Circuit Court for damages she allegedly suffered as a result of slipping and falling on a broken jar of mayonnaise in one of the defendant's stores. Earlier the plaintiff had signed a release of tort liability and received a settlement draft. James A. Hathaway, J., granted accelerated judgment to the defendant based upon the release of liability. The plaintiff appeals, alleging that the release was unfair because: (1) she was contacted by a representative of the defendant and induced to execute the release; (2) she was still suffering from the ill effects of the accident and did not know the full extent of her injuries; (3) the release was executed a short time after the accident; (4) the release was executed for a nominal sum; and (5) she did not believe that the release would bar her from bringing a future lawsuit. *Held:*

The plaintiff failed to sustain her burden of proof in attacking the release. The plaintiff did not allege sufficient facts to show that the release was not entered into fairly. There is no indication that the plaintiff was dazed, in shock, or otherwise not possessing full mental faculties. In addition, the plaintiff does not allege that the defendant's representative misrepresented the nature of the release. The facts alleged do not point to fraud or overreaching by the defendant. The fact that the plaintiff might not have understood the full legal import of the release does not abrogate it. Further, the defendant's liability is not clearly indicated.

Affirmed.

1. RELEASE — TORTS.

A release of tort liability executed for consideration must be fairly and knowingly made and, where a release is challenged,

REFERENCES FOR POINTS IN HEADNOTES

[1] 66 Am Jur 2d, Release §§ 14, 51, 60.
[2, 3] 66 Am Jur 2d, Release § 14 *et seq.*
[4] 66 Am Jur 2d, Release §§ 15, 18.

the plaintiff has the burden to make out a preponderate case for setting it aside.

2. RELEASE — TORTS.

A release of tort liability executed for consideration may be invalid if: (1) the releasor was dazed, suffering from shock or under the influence of drugs; (2) there was misrepresentation as to the nature of the instrument; or (3) there was other fraudulent or overreaching conduct.

3. RELEASE — FRAUD — MISTAKE.

The intent of the parties to a release of tort liability should be considered where fraud or mistake is alleged and factors bearing upon the issue of intent include: (1) the haste, or lack thereof, with which the release was obtained; (2) the sum of money involved as consideration; (3) all the circumstances surrounding the release including, of course, the conduct and intelligence of both the releasor and the releasee; and (4) the actual presence of an issue of liability.

4. RELEASE — MISTAKE.

The fact that a plaintiff who signed a release of tort liability might not have understood the full legal import of the release does not abrogate the release.

*Levine & Benjamin, P.C.* (by *Linda K. Harris*), for plaintiff.

*Harvey, Kruse & Westen, P.C.* (by *Mark D. Shoup* and *Edward A. Batchelor, III*), for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Plaintiff appeals as of right from a lower court order denying her motion to set aside a release and granting defendant's motion for accelerated judgment based upon that release. We affirm.

Plaintiff alleged that on July 3, 1979, while shopping in one of defendant's stores, she slipped and fell on the spilled contents of a broken bottle

of mayonnaise. Her complaint stated that the fall severely aggravated a previously existing arthritic condition. It further averred that plaintiff herself was free from any negligence.

The release in question was signed on July 16, 1979, after plaintiff had already received medical attention. By its language it purports to release defendant from any and all claims, demands or suits with respect to all personal injury or property damage resulting from the accident. The release was contained on the back of a settlement draft in the amount of $278.80. The lower court concluded that there was no fraud or mutual mistake which would warrant setting the release aside.

In *Denton v Utley,* 350 Mich 332; 86 NW2d 537 (1957), the Supreme Court stated that, to be sustained as valid, a release must be fairly and knowingly made. When a release is challenged, the plaintiff has the burden to make out a preponderate case for setting it aside. *Van Avery v Seiter,* 383 Mich 486; 175 NW2d 744 (1970).

In the present case, plaintiff argues that the release was unfair. She alleges: (1) she was contacted by a representative of defendant and induced to execute the release; (2) she was still suffering from the ill effects of the accident and did not know the full extent of her injures; (3) the release was executed a short time after the accident; (4) the release was executed for a nominal sum; and (5) she did not believe that the release would bar her from bringing a future lawsuit.

With regard to the fairness requirement, the *Denton* Court observed that a release would be invalid if: (1) the releasor was dazed, suffering from shock or under the influence of drugs; (2) there was misrepresentation as to the

nature of the instrument; or (3) there was other fraudulent or overreaching conduct. *Id.,* 343. In addition, the Court stated that where fraud or mistake is alleged, the intent of the parties should be considered.

"The intent involved being a question of fact, we will observe, in its determination, among other pertinent factors bearing upon the issue, the haste, or lack thereof, with which the release was obtained, the sum of money involved as consideration, and all the circumstances surrounding the release, including, of course, the conduct and intelligence of both the releasor and the releasee." *Id.,* 345.

An additional factor to be considered is the actual presence of an issue of liability. *Van Avery, supra,* 489-490.

Plaintiff failed to sustain her burden of proof below in attacking the release. Initially, we note that plaintiff has not alleged sufficient facts to show that the release was not entered into fairly. For example, plaintiff alleges that she was induced by defendant's representative to sign the release while she was still suffering from the ill effects of the accident. These allegations, without other facts to substantiate them, are insufficient to establish that the release was not executed in a fair and knowing manner. There is no indication that plaintiff was dazed, in shock or otherwise not possessing full mental faculties. Plaintiff does not allege that defendant's representative misrepresented the nature of the release. Although the release was executed 13 days after the accident and for $278.80, the facts alleged do not point to fraud or overreaching by the defendant.

Plaintiff did allege that she did not think that the release would bar a future lawsuit and that it

was only in return for reimbursement for her out-of-pocket expenses up to that time. However, the fact that plaintiff might not have understood the full legal import of the release does not abrogate it. *Schmalzriedt v Titsworth,* 305 Mich 109, 118-120; 9 NW2d 24 (1943), *Malone v SCM Corp,* 63 Mich App 11, 14; 233 NW2d 872 (1975). Further, defendant's liability is not clearly indicated. This fact tends to mitigate plaintiff's claim that the release was unfair or intended to be limited in scope. Taking all of the facts plaintiff has alleged into consideration, plaintiff has failed to establish that the release was invalid.

There being no error, we conclude that the trial court properly denied plaintiff's motion to set the release aside and granted accelerated judgment.

Affirmed.