HARRIS v LAPEER PUBLIC SCHOOL SYSTEM

Docket No. 55497. Submitted January 5, 1982, at Detroit.—Decided
   March 4, 1982.

   Elizabeth Harris was injured in an automobile accident when the
      vehicle in which she was a passenger, being driven by Sherrie
      Lamphier, collided with a Lapeer Public School bus being
      driven by Rhonda Frederick. The accident occurred at an
      intersection marked by a stop sign and an advertising sign
      erected by Chateau Construction Company for Crestview
      Manor. Frederick alleged that these signs obstructed her view
      of the highway and forced her to pull out onto the highway to
      obtain an unobstructed view of the cross street. Subsequently,
      Elizabeth Harris and her husband Larry Harris executed a
      release supplied by Larry Lamphier's, the husband's, insurers.
      Thereafter, Elizabeth Harris and Larry Harris filed suit in
      Lapeer Circuit Court against the Lapeer Public School System,
      Rhonda Frederick, Crestview Manor, co-owned by Alexander
      Patchak and Bernard Morgulec, Lapeer County Road Commis-
      sion, and Chateau Construction Company. The court, pursuant
      to a motion of defendant Lapeer Public School System, added
      Larry Lamphier individually and as special guardian of Sherrie
      Lamphier as a third-party defendant. Lamphier interposed the
      plaintiffs' release as a defense to the suit and moved for
      accelerated judgment. Thereafter, the other defendants moved
      to amend their pleadings to include the release as an affirma-
      tive defense and for accelerated judgments. The court, Patrick
      R. Joslyn, J., granted accelerated judgments to defendants
      Lapeer Public School System, Rhonda Frederick, Lapeer
      County Road Commission, Crestview Manor, Patchak and Mor-
      gulec. No accelerated judgment was granted in favor of Cha-
      teau Construction Company, although the court entered an
      order dismissing the third-party action against it. The plaintiffs
      appeal alleging that the trial judge erred in allowing the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 61A Am Jur 2d, Pleading §§ 152, 322.
[3, 4, 6] 66 Am Jur 2d, Release § 30.
[5, 6] 66 Am Jur 2d, Release §§ 14, 17, 21-24.
[6] 66 Am Jur 2d, Release § 64.

defendants to amend their pleadings to include the release as an affirmative defense and that the trial court erred in granting accelerated judgment in favor of the defendants on the ground that the release clearly and unambiguously released all joint tortfeasors from liability. *Held:*

1. The trial judge did not err in allowing the defendants to amend their pleadings to include the release as an affirmative defense. While failure to include an affirmative defense in a defendant's first responsive pleading generally waives that defense, such a defense may be introduced through amendment, which should be granted unless sufficient reasons exist for denying it. Here, there was not any bad faith or dilatory motive on the part of the defendants. Further, the plaintiffs have not established undue prejudice arising from the amendments.

2. The trial court erred in granting accelerated judgment in favor of the defendants on the ground that the release clearly and unambiguously released all joint tortfeasors from liability. A release covers only the claims intended by the parties to be released. The plaintiffs allege that there was misrepresentation or mistake in executing the release. This gives rise to a question of fact. The case should be remanded to the trial court for findings of fact as to the intent of the parties to the release executed between the plaintiffs and Larry Lamphier and determination of the status of defendant Chateau Construction Company.

Reversed and remanded with instructions.

1. PLEADING — AFFIRMATIVE DEFENSES — COURT RULES.

Generally, failure to include an affirmative defense in a defendant's first responsive pleading waives that defense; however, such a defense may be introduced through an amendment unless there is a particular reason for prohibiting the amendment such as undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the opposing party, or futility of amendment (GCR 1963, 118.1).

2. PLEADING — AFFIRMATIVE DEFENSES — WAIVER — COURT RULES.

Failure by a defendant to include an affirmative defense in his first responsive pleading generally waives that defense, but where an amendment is permitted to raise defenses otherwise waived, the amendment relates back to the original pleading, thus eliminating the waiver (GCR 1963, 111.3, 118.1).

3. RELEASE — JUDICIAL CONSTRUCTION.

Generally, the intent of the parties to a release expressed in the terms of the release governs its scope.

4. RELEASE — JUDICIAL CONSTRUCTION.

A release covers only the claims intended by the parties to be released; a release must be fairly and knowingly made to be valid; courts should look beyond the broad language of a release to determine the fairness of a release and the intent of the parties in executing it.

5. RELEASE — EXECUTION OF RELEASES — INVALIDITY.

A release should be held invalid where: (1) the releasor was dazed, suffering from shock or under the influence of drugs; (2) there was misrepresentation as to the nature of the instrument; or (3) there was other fraudulent or overreaching conduct.

6. RELEASE — MISREPRESENTATION — MISTAKE.

A claim by a party to a release that there was misrepresentation or mistake in execution of the release gives rise to a question of fact involving the intent of the parties; such a question should properly be resolved by a jury.

*John C. Foster,* and *Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.,* for plaintiffs.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark,* for Lapeer Public School System and Rhonda Frederick.

*Barbier, Goulet & Petersmarck, P.C.,* for Lapeer County Road Commission.

*Thomas J. Doyle,* for Crestview Manor, Patchak and Morgulec.

Before: BASHARA, P.J., and ALLEN and T. M. BURNS, JJ.

PER CURIAM. Plaintiffs appeal from the trial court's orders granting accelerated judgment in favor of the defendants on the ground that a release executed by plaintiffs barred their cause of action.

On December 15, 1976, an automobile driven by Sherrie Lynn Lamphier collided with a school bus

operated by Rhonda Laverne Frederick and owned by defendant Lapeer Public School System. Plaintiff Elizabeth Harris was a passenger in the Lamphier automobile.

The accident occurred at an intersection marked by a stop sign and an advertising sign erected by cross-defendant Chateau Construction Company for defendant Crestview Manor. Frederick alleges that these signs obstructed her view of the highway and forced her to pull out onto the highway to obtain an unobstructed view of the cross street. As Frederick drove the bus into the intersection, it was struck by the automobile operated by Mrs. Lamphier, who was allegedly unable to avoid the collision because of the icy condition of the road. As a result of the accident, plaintiff Elizabeth Harris was injured resulting in loss of her spleen and Mrs. Lamphier suffered brain damage.

On December 22, 1977, plaintiffs executed a release supplied by Larry Lamphier's insurers, State Farm Insurance Company and Farm Bureau Insurance Company. The release provided in pertinent part:

"For the Sole Consideration of Eight Thousand and no/100----Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Larry M Lamphier his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability from any and all claims, demands, damages, actions, causes of actions or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 15th day of

Dec, 1976 at or near <u>Lapeer Michigan.</u>

"Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

"Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above." (Underlined portions are handwritten.)

Plaintiffs commenced this action on December 14, 1978, against defendants Lapeer Public School System and Rhonda Laverne Frederick, Crestview Manor, co-owned by partners Alexander Patchak and Bernard Morgulec, and Lapeer County Road Commission. Plaintiffs added Chateau Construction Company as a party defendant on November 27, 1979. Thereafter, defendants Crestview Manor, Patchak and Morgulec filed a cross-claim against Chateau.

On January 28, 1980, defendant Lapeer Public School System added Larry Lamphier, individually and as special guardian of Sherrie Lynn Lamphier, as a third-party defendant. Larry Lamphier interposed plaintiffs' release as a defense to the suit and subsequently filed a motion for accelerated judgment. Following Lamphier's reponse, the other defendants (Crestview Manor, Patchak and Morgulec, Lapeer Road Commission, Lapeer Public School System and Chateau) moved to amend the pleadings to include the release as an affirmative defense. All defendants then filed motions for accelerated judgment pursuant to GCR 1963, 116.1(5) on the ground that the terms of the release discharged all defendants from liability.

The trial court granted defendants' motions to amend and, in orders of December 15, 1980, granted accelerated judgments in favor of defendants Lapeer Public School System and Rhonda Frederick, Lapeer County Road Commission, Crestview Manor, Patchak and Morgulec. Plaintiffs appeal from these orders.

No order of accelerated judgment was granted in favor of defendant Chateau Construction Company, although the trial court entered an order dismissing the "third-party action" against it on January 7, 1981. Chateau did not file a brief on appeal and it is unclear whether Chateau is a party to this appeal.

Plaintiffs' first contention that the trial judge erred in allowing defendants to amend their pleadings to include the release as an affirmative defense is without merit.

While a failure to include an affirmative defense in defendant's first responsive pleading generally waives that defense, *Pryber v Marriott Corp,* 98 Mich App 50; 296 NW2d 597 (1980), *aff'd* 411 Mich 887 (1981), such a defense may be introduced through amendment under GCR 1963, 118.1. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973). A motion to amend should ordinarily be granted and will be denied only for particular reasons:

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given'." *Id.,* 656, citing *Foman v Davis,* 371 US 178; 83 S Ct 227; 9 L Ed 2d 222 (1962).

The foregoing reasons are absent here. The record does not establish any bad faith or dilatory motive on the part of the defendants. They became aware of the existence of the release only when Larry Lamphier raised the defense in answer to the school system's third-party complaint. Defendants then moved without undue delay to raise the defense. Further, plaintiffs have not established undue prejudice arising from the amendments.

Plaintiffs also contend that defendants' motions were untimely under GCR 1963, 116.1, which provides in part:

"In a party's first responsive pleading, or by motion filed not later than his first responsive pleading, a party may demand that service of process be quashed or that judgment be entered dismissing 1 or more claims asserted against him * * *."

Plaintiffs' argument that defendants' failure to move for accelerated judgment prior to or concurrently with their first responsive pleading waived their right to bring the motion has been rejected by this Court in *Manufacturers Construction Co v Covenant Investment Co,* 43 Mich App 123, 127; 204 NW2d 54 (1972), *lv den* 388 Mich 810 (1972), where this Court reasoned:

"[T]he acceptance of amendments raising affirmative defenses which will completely dispose of the case necessarily creates this problem each time the amendment is followed by a motion for accelerated judgment. Requiring a party in such case to await trial to preserve the purity of Rule 116 would yield counter-productive results."

We conclude that the trial court properly allowed defendants to amend their pleadings to raise the affirmative defense of release.

Plaintiffs next contend that the trial court erred in granting accelerated judgment in favor of defendants on the ground that the release clearly and unambiguously released all joint tortfeasors from liability. We agree.

In general, the intent of the parties expressed in the terms of the release governs its scope. *Grzebik v Kerr,* 91 Mich App 482; 283 NW2d 654 (1979), *DAIIE v Joseph,* 67 Mich App 393; 241 NW2d 221 (1976).

The broad language of the release in issue here, discharging "Larry M. Lamphier, his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable," on its face indicates release of all the defendants herein. This Court has determined in *Grzebik, supra,* that a very similar release by its language indicated an intent to include two other defendants who were involved in the occurrence which gave rise to the suit. In *Stitt v Mahaney,* 403 Mich 711; 272 NW2d 526 (1978), the Court interpreted similar "boiler plate" language to include release of all original tortfeasors. We note, however, that the *Stitt* Court also found the language of the release capable of being interpreted to include tortfeasors whose liability arose during medical treatment administered subsequent to the original occurrence. The Supreme Court held that it is the proper province of the jury to determine whether the intent of the parties to the release was to include the original tortfeasors as well as any subsequent tortfeasors. 403 Mich 711, 718. The issue before the Court in *Stitt,* therefore, differed from that presented here. In *Stitt,* the question involved the release of all the original and subsequent tortfeasors; in the instant case, we are called upon to determine only whether the intent of the release was to include

all of the original tortfeasors who may have been a party to the accident itself.

A release covers only the claims intended by the parties to be released. *Auto-Owners Ins Co v Higby,* 57 Mich App 604; 226 NW2d 580 (1975). In *Denton v Utley,* 350 Mich 332; 86 NW2d 537 (1957), the Court stated that to be valid, a release must be fairly and knowingly made. Our courts will go beyond the broad language of a release to determine the fairness of the release and the intent of the parties in executing it. See *Denton, supra, Theisen v Kroger,* 107 Mich App 580; 309 NW2d 676 (1981).

With regard to the fairness requirement, the Court in *Theisen* observed that a release would be invalid if:

"(1) the releasor was dazed, suffering from shock or under the influence of drugs; (2) there was misrepresentation as to the nature of the instrument; or (3) there was other fraudulent or overreaching conduct." 107 Mich App 580, 582-583.

The Court in *Denton* indicated that where fraud or mistake is alleged, the intent of the parties should be considered. This creates a question of fact.

"The intent involved being a question of fact, we will observe, in its determination, among other pertinent factors bearing upon the issue, the haste, or lack thereof, with which the release was obtained, the sum of money involved as consideration, and all the circumstances surrounding the release, including, of course, the conduct and intelligence of both the releasor and the releasee." 350 Mich 332, 345.

See also *Theisen, supra,* 582-583.

In attacking the release in the instant case, plaintiffs made allegations, supported by affidavit, that, during the signing of the release, the agent of Lamphier's insurer, State Farm, represented to Elizabeth Harris that the release would bar claims only with respect to Lamphier's insurers, State Farm and Farm Bureau. Plaintiffs claim that their intent in executing the release was only to release Lamphier. Plaintiffs' claim of misrepresentation or mistake gives rise to a question of fact involving intent. *Denton, supra, Theisen, supra.* Such a question should properly be resolved by a jury. *Cf. Stitt v Mahaney, supra,* 718.

There having been an allegation of fraud or mistake which impinges upon the validity of the release as to all defendants except Lamphier, we conclude that the trial court erred in granting accelerated judgments in favor of those defendants based on that release while the question of fact remained.

We, therefore, set aside the trial court's orders of accelerated judgment in favor of defendants Lapeer County Road Commission, Lapeer Public School System and Rhonda Frederick, and Crestview Manor, Patchak and Morgulec, and remand for findings of fact as to the intent of the parties to the release executed between plaintiffs and Larry Lamphier. We also direct the trial court to determine the status relative to this matter of defendant Chateau Construction Company, which was not granted an order for accelerated judgment and has not filed a brief on appeal.

Remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.