MERIDIAN MUTUAL INSURANCE COMPANY v MASON-DIXON LINES, INC (ON REMAND)

Docket No. 199797. Submitted July 13, 2000, at Detroit. Decided September 26, 2000, at 9:05 A.M.

Meridian Mutual Insurance Company, the insurer and subrogee of Estate Design & Forms, Inc., as well as Estate Design & Forms itself brought an action in the 41-A District Court against Mason-Dixon Lines, Inc., and others, alleging against Mason-Dixon Lines (hereafter the defendant) negligence concerning an accident in which equipment of Estate Design & Forms was damaged while it was being transported by the defendant. The defendant moved for summary disposition, arguing that the action was barred by a release executed by Estate Design & Forms in favor of Meridian Mutual and any other person, firm, or corporation who might be liable for the accident. The court, Thomas W. McDonell, J., denied the motion. A jury returned a verdict and award of damages for the plaintiffs, and the court entered judgment on the jury verdict. The Macomb Circuit Court, Deborah A. Servitto, J., affirmed. The Court of Appeals, GAGE, P.J., and KELLY, J. (HOEKSTRA, J., concurring), in unpublished opinions issued February 2, 1999 (Docket No. 199797), reversed and remanded for a new trial, holding that the district court erred in failing to apply preemptive federal law regarding interstate common carrier liability. The plaintiffs applied for leave to appeal in the Supreme Court. The defendant applied for leave to cross appeal the Court of Appeals holding that the release did not preclude the plaintiffs' claim against the defendant. The Supreme Court denied the plaintiffs' application and, in lieu of granting the defendant's application, remanded the case to the Court of Appeals for reconsideration in light of *Romska v Opper*, 234 Mich App 512 (1999). 462 Mich 902 (2000).

On remand, the Court of Appeals *held*:

1. The defendant's failure to raise the release as an affirmative defense in its first responsive pleading did not result in a waiver of the right to assert that the release bars the plaintiffs' action. The defendant moved for summary disposition based on the release within a reasonable time of learning about the release during dis-

covery, and there is no indication that the plaintiffs suffered any unfair prejudice.

2. The defendant falls within the broad and expansive language of the release. Given the clear and unambiguous language of the release, the Court of Appeals need not consider an affidavit of an agent for Estate Design & Forms concerning the intended scope of the release.

Reversed and remanded for entry of order of summary disposition for the defendant.

HOEKSTRA, J., concurring, stated that MCR 7.215(H) requires the result reached by the majority through application of the flat-bar rule of interpreting releases containing the language "any and all persons" even though the intent rule governing releases is the better-reasoned rule and is more consistent with Michigan statutes and case law.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *Thomas M. Slavin*), for Meridian Mutual Insurance Company and Estate Design & Forms, Inc.

*Kasiborski, Ronayne & Flaska* (by *Chester E. Kasiborski, Jr.*, and *Joseph J. Bernardi*), for Mason-Dixon Lines, Inc.

ON REMAND

Before: GAGE, P.J., and KELLY and HOEKSTRA, JJ.

PER CURIAM. In February 1999, this Court issued an opinion regarding an appeal by defendant Mason-Dixon Lines, Inc., from a circuit court order that affirmed a district court final judgment in favor of plaintiffs. The plaintiffs had alleged that defendant damaged a printing press purchased by Estate Design & Forms, Inc., during defendant's transportation of the press from Texas to Michigan. The jury found for plaintiffs, and the district court entered for them an $85,835.88 judgment, which the circuit court affirmed. This Court's February 1999 opinion reversed the judg-

ment and remanded for a new trial on the basis that the district court failed to apply preemptive federal law regarding interstate common carrier liability.[1]

Plaintiffs applied to the Supreme Court for leave to appeal our decision concerning preemption, and defendant applied for leave to cross appeal our finding that a release obtained by Meridian Mutual Insurance Company, Estate Design's insurer and subrogee, from Estate Design did not preclude plaintiffs' instant claims against defendant. The Supreme Court denied plaintiffs' application for leave to appeal and, "in lieu of granting [defendant] leave to appeal," remanded to this Court for reconsideration of the release issue in light of *Romska v Opper*, 234 Mich App 512; 594 NW2d 853 (1999), leave denied 461 Mich 922; 606 NW2d 23 (1999), which was issued approximately 1½ months after our initial opinion in the instant case. 462 Mich 902 (2000). In light of our further analysis with respect to the release, the holding in *Romska*, and the order of the Supreme Court, we reverse the district court's denial of defendant's motion for summary disposition premised on the release.

We first address plaintiffs' contention that defendant waived its right to assert that a release barred plaintiffs' instant claims because defendant failed to raise this affirmative defense either before or within its answer to plaintiffs' complaint. A party generally must raise the affirmative defense of release in his first responsive pleading or be deemed to have waived the defense. MCR 2.111(F)(3) and 2.116(D)(2). While defendant failed to assert the existence of a

---

[1] *Meridian Mutual Ins Co v Mason-Dixon Lines, Inc*, unpublished opinion per curiam of the Court of Appeals, issued February 2, 1999 (Docket No. 199797).

release within its first responsive pleading and did not thereafter specifically move to amend its responsive pleading to include the affirmative defense of release, the available record indicates that defendant discovered the existence of the release during the course of discovery and thereafter moved for summary disposition based on the release. Plaintiffs never disputed defendant's assertion that it moved for summary disposition based on the release shortly after discovering the existence of the release, and plaintiffs did not before the district court challenge the timeliness of defendant's claim of release. Plaintiffs neither now nor before the district court set forth any allegation that defendant's delayed assertion of the release defense unfairly surprised them or otherwise prejudiced them. Because (1) it appears that defendant moved for summary disposition based on the release within a reasonable time of discovering the release and (2) no indication exists that plaintiffs suffered any unfair prejudice, *Romska*, *supra* at 522, we conclude that defendant's failure to assert the release in its first responsive pleading did not prevent it from subsequently raising the issue. See *Moorhouse v Ambassador Ins Co, Inc*, 147 Mich App 412, 419; 383 NW2d 219 (1985) ("Just as affirmative defenses may be added by amendment without waiving them, . . . it makes sense to allow them to be raised when they become legally available.").

With respect to the legal effect of the release agreement plaintiffs executed, the Supreme Court directed that this panel revisit this issue in light of *Romska*, *supra*. In *Romska*, the plaintiff was injured in an accident involving his automobile and a vehicle in which the defendant rode as a passenger. The plaintiff

entered a settlement agreement with the insurer of the vehicle that struck him, pursuant to which he released his claims against the other vehicle's driver and owner "and all other parties, firms, or corporations who are or might be liable, from all claims of any kind . . . resulting or to result . . . from an accident which occurred on or about May 16, 1994." *Id.* at 514 (emphasis omitted). The plaintiff then sued the defendant, a nonparty to the release agreement, who sought summary disposition based on the release the plaintiff signed. This Court affirmed the trial court's grant of summary disposition to the defendant, explaining that "[b]ecause defendant clearly fits within the class of 'all other parties, firms or corporations who are or might be liable,' we see no need to look beyond the plain, explicit, and unambiguous language of the release in order to conclude that he has been released from liability." *Id.* at 515.

In the instant case, the release Meridian Mutual obtained from Estate Design stated in relevant part as follows:

I/we do hereby release and forever discharge Meridian Mutual Insurance Co. and *any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action on account of all personal injury, property damage, loss or damages of any kind already sustained or that I/we may hereafter sustain* in consequence of an accident that occurred on or about the 11th day of May 1990 . . . in transit between Texas & Michigan.

\*   \*   \*

I/we hereby agree that, as a further consideration and inducement for this compromise settlement, this settlement shall apply to all unknown and unanticipated injuries and damages resulting from said accident, casualty or event, as well as to those now disclosed.

I/we understand that the parties hereby released admit no liability of any sort by reason of said accident and that said payment and settlement in compromise is made to terminate further controversy respecting all claims for damages that I/we have heretofore asserted or that I/we or my/our personal representative might hereafter assert because of the said accident. [Emphasis added.]

We conclude that, like the defendant in *Romska*, *supra*, Mason-Dixon falls within the broad and expansive language of the instant release. Given the clear and unambiguous language of the release,[2] we will not consider the affidavit of Estate Design's agent, which alleged his "intent and belief that said Release would only release Meridian Mutual Insurance Company and not Defendants or any other entity," in determining the scope of the release. *Id.* at 516.

We note briefly the dissimilarity between the instant case and the cases plaintiffs cite in support of their contention that this Court may properly consider their affidavit regarding the intended scope of the release. Unlike the instant case, *Rodriguez v Solar of Michigan, Inc*, 191 Mich App 483, 496; 478 NW2d 914 (1991), involved a release containing language that clearly and expressly held only a single individual harmless from liability. Furthermore, while *Harris v Lapeer Public School System*, 114 Mich

---

[2] See *Farm Bureau Mut Ins Co of Michigan v Nikkel*, 460 Mich 558, 566; 596 NW2d 915 (1999) (A contract is clear when it fairly admits of but one interpretation.); *Orley Enterprises, Inc v Tri-Pointe, Inc*, 206 Mich App 614, 617; 522 NW2d 896 (1994) ("Where written documents are unambiguous and unequivocal, their construction is for the Court to decide as a matter of law.").

App 107, 116; 318 NW2d 621 (1982), involved a release that was obtained through fraud or misrepresentation, there is no indication in the record that plaintiffs' instant release was procured through fraud or mistake.[3]

Reversed and remanded for entry of an order granting defendant summary disposition under MCR 2.116(C)(7).[4] We do not retain jurisdiction.

HOEKSTRA, J. *(concurring)*. Because I am required by MCR 7.215(H) to follow the flat-bar rule adopted by this Court in *Romska v Opper*, 234 Mich App 512; 594 NW2d 853 (1999), I concur with the result of the majority opinion. For the reasons stated in my concurrence in our original decision in this case and my dissent in *Romska*, I remain convinced that the intent rule is the better-reasoned rule and is more consistent with the case law and statutes of Michigan.

---

[3] While the affidavit provided by plaintiffs reveals Estate Design's representative's alleged misapprehension regarding the scope of the release, the representative's intent to enter a narrower release does not represent a sufficient, mutual mistake for which relief from the release terms may be granted. See 1 Restatement Contracts, 2d, § 152.

[4] To the extent that it appears defendant sought summary disposition pursuant to MCR 2.116 subsections other than (C)(7), we note that where the record permits review under the correct subpart, the trial court's ruling on a motion for summary disposition under a different subpart does not preclude appellate review according to the correct subpart. *Michigan Basic Property Ins Ass'n v Detroit Edison Co*, 240 Mich App 524, 529; 618 NW2d 32 (2000); see also *Blair v Checker Cab Co*, 219 Mich App 667, 670-671; 558 NW2d 439 (1996) ("[W]here a party brings a summary disposition motion under the wrong subrule, the trial court may proceed under the appropriate subrule as long as neither party is misled."). We further note that while defendant's motion for summary disposition requested dismissal of only Estate Design's claims based on the release, our finding that the release precludes Estate Design's claims arising from transportation of the printing press also prevents any claims by Meridian Mutual, Estate Design's subrogee. *Allstate Ins Co v Snarski*, 174 Mich App 148, 154-155; 435 NW2d 408 (1988), quoting *Foremost Life Ins Co v Waters*, 88 Mich App 599, 603; 278 NW2d 688 (1979) (" 'It is well established that a subrogee . . . acquires no greater rights than those possessed by his subrogor.' ").