# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS J. BUDZYNSKI, P.C.,

        Plaintiff-Appellant,

v

MONIQUE RENEE BIL,

        Defendant-Appellee.

UNPUBLISHED
December 23, 2014

No. 317634
Macomb Circuit Court
LC No. 12-003327-CK

Before: BORRELLO, P.J., and WILDER and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(8) and (C)(10) and denying plaintiff's motion for leave to amend the complaint. Because we find that a genuine issue of material fact existed as to whether plaintiff loaned his clients financial assistance in anticipation of litigation, we vacate the trial court's summary disposition order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff is a professional corporation through which attorney Thomas Budzynski, practices law. In 2006, Paul Bil (Mr. Bil), then husband to defendant, and Mr. Bil's company P.K. Land Management (PKLM) retained plaintiff for legal services to file for bankruptcy. Mr. Bil's business property he owned through PKLM was facing foreclosure. Plaintiff made a loan of 25,000 to Mr. Bil and PKLM, secured by a promissory note drafted by plaintiff and signed by Mr. Bil and defendant. The promissory note was executed on April 20, 2006. The terms of the promissory note, exclusive of the terms of default, were

> FOR VALUE RECEIVED, PAUL MICHAEL BIL and MONIQUE RENEE BIL, his wife, . . . and P.K. LAND MANAGEMENT, LLC, . . . jointly and severally, hereby promise to pay to the order of THOMAS J. BUDZYNSKI. P.C., . . . the sum of TWENTY FIVE THOUSAND AND 00/100 ($25,000.00) Dollars with interest at the rate of Eleven (%11) percent per annum, in the following manner: Payable in full within six (6) months.
>
> Notwithstanding anything to the contrary contained herein, this Promissory Note shall be fully due and payable ON SEPTEMBER 20, 2006 . . .

-1-

As further security, PKLM granted plaintiff a mortgage on the property which was also drafted by plaintiff.

Neither Mr. Bil nor defendant made payment on the loan. Plaintiff filed a complaint against defendant only on July 6, 2012.[1] The Complaint alleged three counts. Count I was for Breach of Contract for the nonpayment of legal services performed totaling $6,612.64. Count II was for the amount owed on the promissory note which by that time was calculated at $42,048.74 to include the 11% per year interest. Count III alleged Quantum Meruit/Unjust Enrichment related to the benefit of services received in Count I without payment for those services. Attached to the Complaint were the promissory note and two outstanding invoices.

Defendant answered the Complaint and filed affirmative defenses on November 19, 2012. A short time later, on January 24, 2013, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). In her motion, defendant argued that plaintiff was not entitled to relief because plaintiff violated MRPC 1.8(a) and (e). On the same day, defendant and Mr. Bil filed supporting affidavits with the trial court. Defendant's affidavit averred that she was rushed to plaintiff's office to sign the promissory note without reasonable notice or the benefit of independent legal advice as required under MRPC 1.8(a). Mr. Bil's affidavit was consistent with defendant's, and added that he hired plaintiff to avoid foreclosure litigation and that the promissory note was for plaintiff's benefit.

The parties engaged in discovery and on February 7, 2013, plaintiff motioned the trial court to amend the Complaint to remove Count I Breach of Contract because the defendant was not his client. The proposed amended Complaint was otherwise identical to the original Complaint. Four days later, plaintiff filed a response to defendant's motion for summary disposition arguing that he did not loan money to his clients in anticipation of litigation and requested summary disposition in his favor under MCR 2.116(I)(2).

The trial court issued its opinion and order on June 3, 2013 granting defendant summary disposition and denying appellant leave to amend the Complaint. The trial court determined no genuine issue of material fact existed as to plaintiff's violation of MRPC 1.8(e). The court additionally found that any amendment to plaintiff's Complaint would be futile. Plaintiff filed for reconsideration of the court's order on June 24, 2013. Plaintiff attached his own affidavit to the motion for reconsideration which averred that he did not loan money to PKLM or Mr. Bil in anticipation of litigation, that he complied with MRPC 1.8(a)(1)-(3), and that the purpose of the financial assistance was solely to help with the restructure of debt for PKLM. The court rejected plaintiff's arguments finding that no palpable error was committed by the court in its prior decision.

---

[1] Mr. Bil discharged the promissory note debt in an earlier Chapter 7 Bankruptcy.

## II. SUMMARY DISPOSITION

Plaintiff argues that the trial court erred in granting summary disposition to defendant for two reasons: failure to plead MRPC 1.8(e) as an affirmative defense and because a factual dispute existed as to whether MRPC 1.8(e) was applicable to the transaction between plaintiff and Mr. Bil and plaintiff and PKLM. Upon review, we agree with the trial court that defendant sufficiently pled MRPC 1.8(e) as an affirmative defense but find that a factual dispute exists as to whether MRPC 1.8(e) was violated.

### *Sufficient Pleading of MRPC 1.8(e) as an Affirmative Defense*

MCR 2.111(F)(3) governs the filing of affirmative defenses:

> (3) Affirmative Defenses. Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118. Under a separate and distinct heading, a party must state the facts constituting
>
> (a) an affirmative defense, such as contributory negligence; the existence of an agreement to arbitrate; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; immunity granted by law; want or failure of consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;
>
> (b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;
>
> (c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise.

"It has essentially always been the rule in Michigan that defendants must 'apprise the plaintiff of the nature of the defense relied upon, so that he might be prepared to meet, and to avoid surprise on the trial.' " *Tyra v Organ Procurement Agency of Michigan*, 302 Mich App 208, 212; 850 NW2d 667 (2013) quoting *Rosenbury v Angell*, 6 Mich 508, 513 (1859). MCR 2.111(F)(3) provides that an affirmative defense is waived if not raised in the first responsive pleading. *Meridian Mut Ins Co v Mason–Dixon Lines, Inc*, 242 Mich App 645, 648; 620 NW2d 310 (2000). The court rule also requires that a party asserting an affirmative defense "must state the facts constituting" the defense. MCR 2.111(F)(3).

Whether an instrument or transaction is void is an affirmative defense. MCR 2.111(F)(3)(a). Plaintiff asserts that defendant failed to state facts constituting how MRPC 1.8 applied to defendant as a non-client. Plaintiff first raised this argument in a motion for reconsideration and it is therefore unpreserved. *Vushaj v Farm Bureau Gen Ins Co of Michigan, 284 Mich App 513, 519; 773 NW2d 758 (2009)*. Unpreserved claims are reviewed for plain error affecting substantial rights. *People v Carines,* 460 Mich 750, 764-765; 597 NW2d 130 (1999). "Plain error occurs at the trial court level if (1) an error occurred (2) that was clear or obvious

and (3) prejudiced the party, meaning it affected the outcome of the lower court proceedings." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010).

This Court finds no error, plain or otherwise, where defendant stated the facts constituting the affirmative defense and plaintiff was apprised of the nature of the defense relied upon. Defendant's exact affirmative defense statement was:

> Plaintiff violated the Rules of Professional Responsibility by entering into a business relationship with Defendant and Defendant's spouse (See MRPR [sic] 1.8), and the transaction is void.

Plaintiff argues that defendant should have been required to cite, MRPC 1.8(a) and (e), which were the specific subsections of MRPC 1.8 that defendant later relied on. We disagree. The goal in stating an affirmative defense is to "apprise the plaintiff of the nature of the defense relied upon, so that he might be prepared to meet, and to avoid surprise on the trial.' " *Tyra*, 302 Mich App at 212. "Put another way, a statement of an affirmative defense must contain facts setting forth why and how the party asserting it believes the affirmative defense is applicable." *Id*. at 214. Defendant properly asserted how and why she believed the affirmative defense was applicable. The affirmative defense stated how and why the transaction was void. Plaintiff was fully aware of the business transaction at issue, having instigated the lawsuit based upon that transaction. Plaintiff however, did not move to strike the affirmative defense as insufficient, but instead requested more detail regarding the defense in interrogatories to defendant. In response to a request that defendant list all the facts pertaining to the affirmative defense, defendant answered, "Plaintiff alleges it was acting as a lawyer for defendant at the time Plaintiff loaned money to Defendant, without full disclosure to Defendant in writing. Defendant was not given an opportunity to seek independent counsel and did not consent, in writing." After receiving these interrogatories, plaintiff moved to amend the Complaint to remove the Breach of Contract claim and any reference to defendant being his client.

While defendant may be unable to ultimately establish that the promissory note is void as to her based on MRPC 1.8, she stated facts sufficient to "apprise the plaintiff of the nature of the defense relied upon, so that he might be prepared to meet, and to avoid surprise on the trial.' " *Tyra*, 302 Mich App at 212.

Defendant did cite MRPC 1.8(a) and MRPC 1.8(e) eventually in her motion for summary disposition and plaintiff does not argue that he did not have enough time to formulate a response. His argument that the inadequate pleading deprived him of the opportunity to present evidence in opposition to the summary disposition motion is unavailing. The motion fully explicated which sections of the rule were alleged to be applicable and what conduct rendered the rule violated. The fact that he failed to provide the materials and argument about the applicability of MRPC 1.8 to non-clients in his original response that he later tendered with a motion for reconsideration is due to his own decisions, not obfuscation by the defendant. It is noteworthy that he filed his request to amend the Complaint to omit assertions that the defendant was his client even before he responded to the motion for summary disposition. We agree with the trial court that plaintiff had the opportunity to present any additional evidence in his response to defendant's motion for summary disposition and did not. That being said, the trial court has "discretion on a motion for reconsideration to decline to consider new legal theories or evidence that could have been

presented when the motion was initially decided." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012).

*Genuine Issue of Material Fact*

Plaintiff also argues that the trial court erred in granting defendant summary disposition under MCR 2.116(C)(10) when a genuine issue of material fact existed as to whether plaintiff loaned funds to Mr. Bil and PKLM in anticipation of litigation. We agree.

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "Review is limited to the evidence presented to the trial court at the time the motion was decided." *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 193; 729 NW2d 898 (2006). Defendant brought her motion for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). Although the trial court cited both subsections of MCR 2.116 in its final and reconsideration opinions, it is clear that the trial court decided defendant's motion under MCR 2.116(C)(10) because it considered "the entire record – all pleadings, responses, and documentary evidence before making its ruling."

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Maiden*, 461 Mich at 120. Summary disposition under MCR 2.116(C)(10) is appropriate when there is no genuine issue as to any material fact. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v General Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). When deciding a motion under MCR 2.116(C)(10), a trial court considers the pleadings, affidavits, depositions, admissions and other documentary evidence. MCR 2.116(G)(5). The evidence must be viewed in a light most favorable to the nonmoving party. *de Sanchez v State*, 467 Mich 231, 235; 651 NW2d 59 (2002). "A party opposing a motion brought under MCR 2.116(C)(10) may not rest upon the mere allegations or denials in that party's pleadings, but must by affidavit, deposition, admission, or other documentary evidence set forth specific facts showing that there is a genuine issue for trial." *Lash v Allstate Ins Co*, 210 Mich App 98, 101; 532 NW2d 869 (1995). "The trial court is not permitted to engage in fact-finding when deciding a motion for summary judgment." *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). "This Court is liberal in finding a genuine issue of material fact." *Lash*, 210 Mich App at 101.

The promissory note between plaintiff, Mr. Bil, PKLM and defendant was a contract. *Collateral Liquidation v Renshaw*, 301 Mich 437, 443; 3 NW2d 834 (1942). The interpretation of a contract is a question of law this Court reviews de novo on appeal. *Archambo v Lawyers Title Insurance Corp*, 466 Mich 402, 408; 646 NW2d 170 (2002). "The fundamental goal of contract interpretation is to determine and enforce the parties' intent by reading the agreement as a whole and applying the plain language used by the parties to reach their agreement." *Dobbelaere v Auto–Owners Ins Co*, 275 Mich App 527, 529; 740 NW2d 503 (2007). "If the language of the contract is unambiguous, we construe and enforce the contract as written." *Quality Products and Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003) (citation omitted). In the case where ambiguous contractual language does exist, the

-5-

court may use extrinsic evidence to determine the parties' intent. *Shay v Aldrich*, 487 Mich 648, 667; 790 NW2d 629 (2010).

A promissory note is essentially "a written engagement by one person to pay another person therein named, absolutely and unconditionally, a certain sum of money, on a time specified therein." *Walker v Thompson*, 108 Mich 686, 688; 66 NW 58 (1896). "Thus, a promissory note is more than a contract to repay a loan: it is a written instrument that embodies a formal promise to repay." *Jackson v Estate of Green*, 484 Mich 209, 243; 771 NW2d 675 (2009).

The material issue in this case is whether the promissory note between the parties was a transaction in violation of MRPC 1.8(a) and (e). MRPC 1.8(a) provides:

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security, or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner that can be reasonably understood by the client;

(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) the client consents in writing thereto.

The promissory note read that Mr. Bil, PKLM and defendant jointly and severally promised to pay $25,000 to plaintiff for value received. It also indicated that "[t]he underlying basis for [the] Note involve[d] providing security for a business transaction and [the] loan [was] not a personal loan." The note also provided that it was secured by a mortgage. By the note's own terms, the loan was a business transaction to a client and such language clearly implicated MPRC 1.8(a). Defendant filed an affidavit with her motion for summary disposition averring that she was not given reasonable notice or opportunity to seek the advice of independent counsel, alleging that MRPC 1.8(a)(2) was not complied with. The trial court however, did not determine that MRPC 1.8(a) was violated. Rather, it granted summary disposition to defendant based solely on its finding of a violation of MRPC 1.8(e).

MRPC 1.8(e) provides:

e) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that

(1) a lawyer may advance court costs and expenses of litigation, the repayment of which shall ultimately be the responsibility of the client; and

(2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

Defendant's brief in support of her motion for summary disposition directly asserted that the money lent was done in anticipation of litigation. However, nothing in the language of the promissory note addressed whether the loan from plaintiff to Mr. Bil, PKLM and defendant was given in anticipation of litigation. The trial court turned to extrinsic evidence, particularly the invoices submitted by both parties, and concluded that MRPC 1.8(e) was violated. In doing so the trial court determined that there was no material question of law as to whether the loan was made in anticipation of litigation. The trial court noted that two days before the promissory note was signed, plaintiff billed for "calls for loans, attempts to negotiate new loans to complete financial restructure." On the day the promissory note was signed, plaintiff billed for "draft[ing] loan docs, mortgage and note etc." Plaintiff's billings for the months of May through mid-July were to "negotiate with [the] mortgage company to adjourn [the] foreclosure sale." On July 13, 2006, plaintiff billed for both "draft[ing] scheduled for Br [bankruptcy] for an emergency filing" and "Filing Fee – Court". The trial court believed the filing fee was a bankruptcy filing fee. The trial court's conclusion was that "[i]n sum, not only did plaintiff give financial assistance to clients in contemplation of litigation—and took an adverse pecuniary interest in client property to secure repayment –plaintiff charged the client for doing so."

There were two affidavits filed with the trial court in support of the motion for summary disposition, one from the defendant and the other from her former spouse. Neither affidavit directly addressed whether plaintiff loaned them $25,000 in anticipation of litigation. In his responsive brief, filed without an affidavit, plaintiff directly refuted the contention that the loan was made in anticipation of litigation and asserted that the corporation was his only client when the loan was made. Ultimately, plaintiff filed an affidavit with a motion for reconsideration where he stated that "[t]he purpose of the loan was to assist with the restructure of debt" for PKLM and was not given in anticipation of litigation. The same affidavit stated that "[i]n July 2006 a bankruptcy petition was filed on behalf of" PKLM but that the "bankruptcy case was referred to attorney Charles Bullock." It is true that "[i]nconsistencies in statements cannot be ignored." *White v Taylor Distributing Co, Inc*, 482 Mich 136, 142-143; 753 NW2d 591 (2008). Plaintiff's affidavit may have created a genuine issue of material fact if it had been presented in opposition to the motion for summary disposition and not in the motion for reconsideration. "A party opposing a motion brought under MCR 2.116(C)(10) may not rest upon the mere allegations or denials in that party's pleadings, but must by affidavit, deposition, admission, or other documentary evidence set forth specific facts showing that there is a genuine issue for trial." *Lash*, 210 Mich App at 101. Plaintiff's later filed affidavit was not before the court when it granted defendant's motion for summary disposition. This Court's review is "limited to the evidence presented to the trial court at the time the motion was decided." *Morris Pumps*, 273 Mich App at 193.

The trial court's conclusion that MRPC 1.8(e) rendered the contract void was based on impermissible fact-finding. There was no dispute that Mr. Bil and PKLM were legal clients of plaintiff's at one time. However, reasonable minds might differ as to whether plaintiff's loan was given to his clients in anticipation of litigation. Although Mr. Bil's affidavit stated he hired plaintiff to file for Chapter 11 bankruptcy for PKLM, and plaintiff's invoice documented that he did pay a fee for a court filing three months after the loan was made, the issue of whether the loan was made in anticipation of the bankruptcy remains. Upon reviewing the promissory note, affidavits and invoices in the light most favorable to the nonmoving party, a genuine issue of material fact exists to warrant a trial. The invoices evidence actions taken to forestall bankruptcy

-7-

and several months lapsed between the loan and the actual filing. Viewing the evidence in the light most favorable to the opposing party, the trial court improperly made a finding that the loan was given in anticipation of the bankruptcy when reasonable minds could differ on the issue. Summary disposition under MCR 2.116(C)(10) is therefore inappropriate.

## III. AMENDING THE COMPLAINT

Plaintiff argues the trial court erred when it denied his motion to amend the Complaint to remove from it Count I, the Breach of Contract claim. We agree.

"We review a trial court's decision whether to allow amendments to pleadings for an abuse of discretion." *Dowerk v Charter Tp of Oxford*, 233 Mich App 62, 75; 592 NW2d 724 (1998).

Amendments to pleadings are governed by MCR 2.118. A party may only amend a pleading by leave of the court or when the adverse party consents to the amendment. MCR 2.118(A)(2). Pursuant to MCR 2.118(A)(2) leave to amend pleadings should be given freely when justice so requires. See also MCL 600.2301. "Leave to amend should be denied only for particularized reasons, such as undue delay, bad faith or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party, or where amendment would be futile." *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007). An amendment to the pleadings would be futile when "it is legally insufficient on its face, and the addition of allegations that merely restate those allegations already made is futile." *Wormsbacher v Seaver Title Co*, 284 Mich App 1, 9; 772 NW2d 827 (2009).

Effectually, plaintiff wanted to amend the Complaint to remove any reference to defendant as a legal client of his and then enforce the promissory note on a theory of joint and several liability. The trial court decided that because the basis of the promissory note was a void transaction that took place between plaintiff and his clients, the relationship between plaintiff and defendant was superfluous to determine whether the contract was void or not. In this case the trial court held that "No possible amendments to plaintiff's complaint would make the facts above any less true." In other words, plaintiff's request to remove any reference to defendant as his client would be legally insufficient where the trial court found it was undisputed that Mr. Bil and PKLM were clients of plaintiff and the loan to them was made in anticipation of litigation. According to the trial court, plaintiff's proposed amendment would not have made any legal difference. Now having found that a material question of fact does exist, plaintiff should be allowed on remand to amend his Complaint to clarify his relationship with defendant in support of the joint and several liability relief he seeks.

Vacated and remanded. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kurtis T. Wilder
/s/ Cynthia Diane Stephens

-8-